UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER A. HOCHSTEIN, et al.,

    Plaintiffs,

v.

MICROSOFT CORPORATION,
et al.,

    Defendants.
_____/

CIVIL ACTION NO. 04-73071

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Defendant Sony Computer Entertainment America Inc.'s Motion to Exclude the Opinions of Dr. Sugih Jamin or, Alternatively, to Strike His Expert Report was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on August 11, 2005. Following the hearing, the parties submitted supplemental briefs. Having reviewed defendant's motion, together with plaintiffs' response, and having had the benefit of oral argument and supplemental briefing, I find that the motion should be denied.

Sugih Jamin, Ph.D., is a professor in the Department of Electrical Engineering and Computer Science at the University of Michigan. He teaches several university courses, including Computer Networks, Advanced Computer Networks, and Computer Game Design and Development. His curriculum vitae discloses numerous awards and published writings. I find that the witness is qualified by knowledge, skill, experience, training and education to assist the trier of fact to understand the evidence in this case, and to determine facts in issue.

Dr. Jamin's report discloses that he examined the patent in suit, Sony's technical documents, source code and public declarations relating to the accused products, the discovery produced in this case, and at least one accused product. His report discloses the basis upon which he concludes that the remaining accused products are identical in all material respects. The witness has issued written reports containing his opinions with regard to literal infringement and equivalents as to specific claims of the patent in suit.

Sony argues that Jamin's analysis must be excluded because he fails to reveal the "algorithm" (which I take to mean the specific programing) of the microprocessor described in Claims 15, 37 and 39 of the patent. Plaintiff maintains that disclosure of specific programing is not a requirement under the patent statute, and that the claimed invention of the patent is not in the details of program writing but in the apparatus and method whose patentability is based on the claimed combination of components or steps. Plaintiffs argue that the patent "algorithm" may simply be the recited function of the means plus function clause. I find the argument persuasive.

The commentary to Federal Rule of Evidence 702 observes that the case law after Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) demonstrates that the rejection of expert testimony is the exception rather than the rule. I am satisfied that the criticisms directed to Dr. Jamin's opinions do not render his testimony inadmissible.

I find that the opinions in Dr. Jamin's report are based upon sufficient facts and data; that they are based upon reliable principles and methodology; and that such principles and methods were reliably applied to the facts.

IT IS THEREFORE ORDERED that Defendant Sony Computer Entertainment America Inc.'s Motion to Exclude the Opinions of Dr. Sugih Jamin or, Alternatively, to Strike His Expert Report is denied.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: September 15, 2005

_____

## CERTIFICATE OF SERVICE

I hereby certify on September 15, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 15, 2005. **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217