UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER A. HOCHSTEIN,
JEFFREY TENENBAUM and
HAROLD W. MILTON, JR.    CASE NO. 04-73071
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

        Plaintiffs,

-vs-

MICROSOFT CORPORATION and
SONY COMPUTER ENTERTAINMENT
AMERICA, INC.,

        Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
DENYING DEFENDANT SONY COMPUTER ENTERTAINMENT 'S
MOTION TO EXCLUDE THE OPINIONS OF DR. SUGIH JAMIN**

The Court has reviewed the Magistrate Judge's Report and Recommendation ("R&R"), filed on September 16, 2005, as well as any objections filed thereto. The Court accepts the ultimate conclusion of the Report and Recommendation denying Defendant SCEA's motion to exclude.

This Court does not, however, accept the Magistrate's conclusion regarding the algorithm contained in the second paragraph of page 21. That issue remains on the table for further proceedings.

Admission of expert testimony in Federal trials is governed by Federal Rule of Evidence 702, and the Supreme Court decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, (1993) (hereinafter *Daubert*). Subsequently, in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court applied *Daubert* to the testimony of engineers and other

experts who are not scientists.

Federal Rule of Evidence (F.R.E.) 702, titled "Testimony by Experts," states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Advisory Committee Notes to the year 2000 Amendments to Rule 702 note that admissibility of expert testimony is governed by the principles of Federal Rule of Evidence 104(a), and that under Rule 104, "the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Federal Civil Rules, West Pub. 2002 Revised Edition, P.414. The Notes also observe: "A review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than the rule ... the trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* (citation omitted).

The Supreme Court indicated a preference for admission of expert testimony under Rule 702[1]:

> [R]espondent seems to us to be overly pessimistic about the capabilities of the jury and of the adversary system generally. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Fed. Rule Civ. Proc. 50(a), and likewise to grant summary judgment. Fed. Rule Civ. Proc. 56. These conventional devices, rather than wholesale exclusion under an uncompromising "general acceptance" test, are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702.

---

[1] The Court notes the contrast with Rule 802 which states: "hearsay is not admissible except. . . ."

*Daubert*, 509 U.S. at 596 (citations omitted).

Accordingly, having examined the briefs, attached exhibits, and the relevant legal precedent, the Court concludes that the Magistrate Judge's ultimate conclusion is correct; Dr. Jamin's testimony will not be excluded; the substance of his testimony will be subject to cross-examination.

**SO ORDERED.**

                                            S/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: April 3, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 3, 2006.

                                            S/Jonie Parker
                                            Case Manager