UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**PETER A. HOCHSTEIN, et al.,**

*Plaintiffs,*

VS.

**MICROSOFT CORPORATION,**

*Defendant.*

HONORABLE PAUL D. BORMAN
MAGISTRATE JUDGE DONALD A. SCHEER
CIVIL ACTION NO. 04-73071

**JURY TRIAL REQUESTED**

---

| | |
|---|---|
| MARK A. CANTOR (P32661) | DAVID T. PRITIKIN |
| THOMAS A. LEWRY (P36399) | RICHARD CEDEROTH |
| JOHN S. LE ROY (P61964) | LAURA L. DONOGHUE |
| **BROOKS KUSHMAN P.C.** | **SIDLEY AUSTIN LLP** |
| 1000 Town Center | One South Dearborn Street |
| Twenty-Second Floor | Chicago, Illinois  60603 |
| Southfield, Michigan  48075 | (312) 853-7000 |
| (248) 358-4400 | |
| | ROBERT J. FRANZINGER (P25539) |
| | WILLIAM F. KOLAKOWSKI (P55906) |
| | **DYKEMA GOSSETT PLLC** |
| | 39577 Woodward Avenue, Suite 300 |
| | Bloomfield Hills, Michigan |
| | (248) 203-0822 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

# HOCHSTEIN'S OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 2 "REGARDING IMPROPER TESTIMONY, ARGUMENT AND EXHIBITS ON LIABILITY ISSUES" (DKT # 268)

# TABLE OF CONTENTS

**Page**

A.    Mr. Rappaport's Arguments Regarding Objective Evidence
Of Non-Obviousness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. & C. Microsoft's Pre-Suit Knowledge Of The '125 Patent
And Microsoft's Inducement Of Infringement . . . . . . . . . . . . . . . . . . . . . . . 3

D.    Positions Contrary To Those Taken With The Special Master . . . . . . . . . . . . . . . . 7

E.    Demand For Voice Chat In The Nintendo Wii . . . . . . . . . . . . . . . . . . . . . . . . . . . 9



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

A.   **Mr. Rappaport's Arguments Regarding Objective Evidence Of Non-Obviousness**

Microsoft seeks to strike "Mr. Rappaport's entire August 5, 2005 [*sic* – August 5, 2006] Supplemental Expert Report, and particularly Section C of that report, . . . as untimely, highly prejudicial to Microsoft, and contrary to law." (Microsoft Brief at 4.) Microsoft's motion should be denied because Mr. Rappaport's August 5, 2006 report is not (1) untimely, (2) highly prejudicial to Microsoft, nor (3) contrary to law.

The opinions stated by Mr. Rappaport are not untimely. As Microsoft points out, the same opinions were expressed by Dr. Jamin in his report — which Microsoft does not dispute was timely. Accordingly, Microsoft cannot legitimately argue that the opinions expressed are untimely. Microsoft has had those opinions since early 2005 — more than 3 years. The only difference is that Rappaport is the one providing the opinions.[1] Microsoft had the opportunity to depose Rappaport about those opinions[2] and can cross-examine him at trial.

---

[1]   Rappaport is an accomplished patent lawyer of 35 years with companies like Raytheon, Medtronic and Bally-Midway — the maker of Pac-Man. He was Associate General Counsel for Intellectual Property and Licensing at Apple Computer. Hochstein believes he is the best expert to present the jury with objective reasons why the '125 patent is not obvious, the so-called secondary considerations which must be considered in any obviousness analysis. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966).

[2]   Two weeks after Microsoft received the August 5, 2006 report, Microsoft deposed Rappaport on the subject matter of the report:

> **Mr. LeRoy:**   Just for the record, to the extent you're not going to ask him about these other pages, we're making Mr. Rappaport available on all these pages. Of course, we would oppose any attempt after the fact to try to prevent Mr. Rappaport from testifying when we have disclosed his opinions to you and you

(continued...)



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-1-

Likewise, the opinions are not "highly prejudicial." If prejudice is measured by time, Microsoft has had the opinions for 3 years, as noted above. Thus, Microsoft is not prejudiced by time. If prejudice is measure by the content of the opinions, Microsoft did not — and does not — object to the same opinions if expressed by Dr. Jamin. Therefore, Microsoft is not prejudiced by the content.

Microsoft's claims of untimeliness and prejudice also ring hollow in view of the fact that the Microsoft experts have expanded their original expert testimony in this case no less than **six** times: **[1]** Wilson on 6/17/05 ("Supplemental Expert Report"); **[2]** Macedonia on 6/20/05 ("I submit this report . . . detailing those additional and supplemental subject areas and opinions about which I may testify"); **[3]** Elsten on 2/10/06 ("My report includes additional information"); **[4]** Macedonia on 7/7/06; **[5]** Macedonia on 12/27/07 ("this report supplements my invalidity analysis"); and **[6]** Macedonia on 6/12/08 ("I expect to cover some of the topics that were the subject of Dr. Lucky's expert reports").[3]

---

[2](...continued)
  have elected not to ask him about them. You can continue.

  **Mr. Webb:** Yeah. Well, I plan to. Okay.

  (Ex. A, Rappaport 8/29/06 Dep. Trans. at 238-239.)

[3] Indeed, Microsoft's expert Macedonia purports to adopt, wholesale and conclusorily, the entire set of opinions expressed by **Sony's** former technical expert. This would plainly violate the very same principles Microsoft espouses in its motion *in limine*.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

Finally, Rappaport's opinions are not contrary to law. Microsoft challenges Mr. Rappaport's analysis of unexpected results from the "voice feature." But, Microsoft, itself, admitted that the results of adding the voice feature to its gaming system was unexpected:

> As the library of games that use the Xbox Communicator grows, **the voice feature will continue to improve games in unexpected new ways**. We gamers always have a lot to say . . . it's just that now we have a way and a place to say it.

(Ex. B at TEHC6849.)

Microsoft's admission, which Rappaport cites, relates only to those technical aspects of the "voice feature" that will "improve games in unexpected new ways." In any event, any dispute Microsoft may have with this testimony goes to its weight, not its admissibility. Microsoft is entitled to cross-examine Rappaport on this topic.

Microsoft's motion to exclude Mr. Rappaport's analysis should be denied. Moreover, for the exact same reasons as those expressed with respect to Mr. Rappaport, Microsoft's request to exclude the opinions of Dr. Matheson (Doc. No. 262) should also be denied, as (1) the opinions are original, (2) Microsoft has had the opinions in-hand for years, and (3) Microsoft has been given the opportunity to depose the witnesses.

**B. and C.    Microsoft's Pre-Suit Knowledge Of The '125 Patent
And Microsoft's Inducement Of Infringement**

Hochstein accuses Microsoft of inducing infringement of the '125 patent. Unlike direct infringement, inducement requires proof that the alleged infringer had knowledge of the patent. *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) (*en banc*).



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-3-

Hochstein has always maintained that he gave Microsoft notice of the patents-in-suit years before Hochstein sued Microsoft. For example, in March 2005, Hochstein produced to Microsoft a document (TEHC2955, Ex. C), which Hochstein intends to use to corroborate that a copy of the '125 patent was sent to Microsoft in 1999. In April 2005, Hochstein told Microsoft why that document is relevant — because it will be used in Hochstein's case-in-chief to show that Microsoft knew of the '125 patent before suit. (Ex. D, Nos. 6 and 11.)

The document — like all documents — by itself proves nothing. But coupled with the testimony of the person who sent it, Rochelle Metz, it can confirm that Microsoft did in fact receive a copy of the patent, starting the inducement clock. Ms. Metz will testify that she made the hand-written notes on Ex. C, which include the telephone number and facsimile number for Microsoft's legal department. She has agreed to testify at trial, and Microsoft agreed to depose her on July 30, 2008.

This oral testimony, which will be used to prove the existence of original documents sent to Microsoft, is admissible under Fed. R. Evid. 1004(3), which provides:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if . . . [a]t a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing.

Microsoft has been on notice since the beginning of this case, both by the pleading and Hochstein's discovery responses, that the contents of the letter Hochstein sent



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

Microsoft would be the subject of proof at trial, yet Microsoft has never produced the original. Ms. Metz's testimony is, therefore, proper.

Microsoft also challenges Dr. Matheson's comment that Microsoft may have copied the '125 invention. As conceded in Microsoft's brief, copying is relevant to establishing the non-obviousness of the asserted claims. *Allen Engineering Corp. v. Bastell Industries, Inc.*, 299 F.3d 1336, 1351 (Fed.Cir. 2002) ("copying may be relevant to obviousness"). Of course, direct evidence of copying is rarely available. *TWM Mfg. Co., Inc. v. Dura Corp.*, 72 F.2d 1261, 1268 (6th Cir. 1983) (Holding in the context of copyright infringement that "direct evidence of copying is rarely, if ever, available."). Hochstein must rely on circumstantial evidence, including the fact that Microsoft released the accused Xbox voice-enabled products not long after Hochstein sent Microsoft a copy of the '125 patent. Dr. Matheson should be permitted to express his opinion on the likelihood that Microsoft copied the invention. The jury may or may not agree, but the testimony is not improper and should not be excluded.

Finally, citing the patent marking statute, Microsoft argues that Hochstein's fax did not "include[ ] sufficient information to give Microsoft notice of the alleged infringement, as required under Section 35 U.S.C. § 287." (Microsoft's Brief at 10.) To support its argument, Microsoft improperly crops the beginning of 35 U.S.C. § 287(a). The statutory language Microsoft omitted is italicized in bold below:

> ***In the event of failure so to mark***, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.

35 U.S.C. § 287.

The marking statute limits damages only if a product, required to be marked, is sold without proper marking.  *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) (Section 287 "limits the extent to which damages may be recovered *where products covered by a U.S. patent are sold without the notice defined in the statute*.") (Italics added.).  Hochstein never sold any patented products, so, as a matter of law, he never had a duty to mark.  Thus, § 287 is irrelevant to the issues in the present case.

Microsoft is confusing knowledge of the patent, needed for inducement liability, with notification of infringement, needed if § 287 applies.  For inducement liability, Hochstein need not prove that Microsoft was notified of infringement so long as Microsoft knew of the patent.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d at 1304 (Fed.Cir. 2006) ("[t]he requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she *knew of the patent*.") (Italics added.).

Whether Microsoft knew of the '125 patent is an issue of fact for the jury to decide.  Microsoft is free to cross-examine the witnesses, and present any evidence of its own on this issue.  Microsoft's motion *in limine* should be denied.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

**D.     Positions Contrary To Those Taken With The Special Master**

Microsoft asserts that Hochstein is judicially estopped "from presenting arguments to the jury that are contrary to or inconsistent with those taken in earlier briefing and upon which the Special Master relied in issuing his report of January 26, 2007." (Microsoft's Brief at 12.) Microsoft cites two specific instances where it believes the estoppel applies.

Application of the judicial estoppel doctrine is not as simple as saying Hochstein took one position and might take a different one later, which is all that Microsoft argues. Microsoft cites *New Hampshire v. Maine*, 532 U.S. 742 (2001) in its brief, but does not discuss Microsoft's burden to establish the three factors set forth in *New Hampshire*. As the Federal Circuit recently explained:

> In *New Hampshire*, the Supreme Court identified several factors guiding the decision to apply judicial estoppel: (1) the party's later position must be "clearly inconsistent" with the earlier position; (2) the party must have succeeded in persuading a court to adopt the earlier position in the earlier proceeding; and (3) the courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751, 121 S.Ct. 1808. These factors, while not exclusive, must guide the court's application of its equitable powers. *Id.*
>
> *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1290-91 (Fed. Cir. 2005).

Microsoft has failed to prove that these factors are present here. First, Microsoft does not identify any "clearly inconsistent" position Hochstein is allegedly taking. Indeed, Microsoft's motion is purely speculative — asserting that Hochstein should not be allowed take some undefined position in the future. On this record, it is impossible for Microsoft to carry its



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-7-

burden to show that the undefined and as yet non-existent position is "clearly inconsistent" with an earlier position.

Second, Microsoft is incorrect when it asserts that the Special Master adopted the two alleged positions identified in Microsoft's brief. The first of the two alleged positions relates to claim 39. Microsoft completely mischaracterizes Hochstein's position regarding that claim. Hochstein has never said "that there is no support in the specification (including Figures 2 and 3) for 'original' claim 39 besides claim 39 itself" as alleged by Microsoft. (Microsoft's Brief at 13.) To the contrary, claim 39 is supported throughout the '125 specification, which describes various hardware components, such as "microprocessors," "switches," "modems" and "voice over data circuits," all of which are recited in claim 39.

Equally important, Microsoft fails to quote anything in the Special Master's findings or conclusions where the Special Master relied on the alleged position regarding claim 39. Instead, Microsoft cites generalized statements regarding claim 39 that have no link to the position allegedly taken by Hochstein.

With respect to the second alleged position, the Special Master recently rejected the alleged Hochstein position that there are two embodiments disclosed by in Figs. 2 and 3 in his Supplemental Report and Recommendation ("Supp. R&R") (Dkt #287). There, the Special Master held that "The Patent Drawings Figs. 2 and 3 Describe the Same Embodiment." (Supp. R&R at 4, heading B.) Accordingly, judicial estoppel cannot apply to Hochstein's second alleged position.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-8-

For these reasons, Microsoft has failed to meet its burden on the second *New Hampshire* factor.

Finally, Microsoft utterly fails to address the third *New Hampshire* factor, namely "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Microsoft offers no proof that Hochstein would derive an unfair advantage or that Microsoft would suffer an unfair detriment.

The Court should deny this motion *in limine*.

### E.  Demand For Voice Chat In The Nintendo Wii

The Nintendo Wii is a popular video game console that, like the Xbox, is capable of playing video games online against (or together with) remotely-located people. The key difference between the Nintendo Wii and Microsoft's Xbox is that, heretofore, the Wii has lacked the voice feature at issue in this case.

Due to gamers' general familiarity with and appreciation for the voice capabilities of Microsoft's Xbox and ex-defendant Sony's PlayStation consoles, Wii owners repeatedly expressed dissatisfaction over the fact that the Wii lacks voice capability. In his May 14, 2008 report, Dr. Matheson considers these statements as indicative of long-felt need for the invention recited in the asserted claims of the '125 patent.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-9-

According to Microsoft, evidence of long-felt need can only be shown as of the time of the invention. That is not the law. *Knoll Pharm. Co., Inc. v. Teva Pharmaceuticals USA, Inc.*, 367 F.3d 1381, 1385 (Fed. Cir. 2004):

> Evidence [of non-obviousness] developed after the patent grant is not excluded from consideration, for understanding of the full range of an invention is not always achieved at the time of filing the patent application. It is not improper to obtain additional support consistent with the patented invention, to respond to litigation attacks on validity.
>
> * * *
>
> The so-called "objective" criteria of non-obviousness must always be considered.

*Id.*, citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966).

Microsoft's request that evidence pertaining to the Wii be excluded is a thinly-veiled request to exclude facts that undermine Microsoft's invalidity defense.

    Respectfully submitted,

    **BROOKS KUSHMAN P.C.**

    By:   /s/ John S. Le Roy
    MARK A. CANTOR     (P32661)
    THOMAS A. LEWRY   (P36399)
    JOHN S. LE ROY         (P61964)
    1000 Town Center — 22nd Floor
    Southfield, Michigan 48075-1238
    Tel: (248) 358-4400 — Fax: (248) 358-3351
    E-mail:   mcantor@brookskushman.com
              tlewry@brookskushman.com
              jleroy@brookskushman.com

    *Attorneys for Plaintiffs*

Dated: July 25, 2008

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on **July 25, 2008**, I electronically filed the foregoing **HOCHSTEIN'S OPPOSITION TO MICROSOFT'S MOTION *IN LIMINE* NO. 2 "REGARDING IMPROPER TESTIMONY, ARGUMENT AND EXHIBITS ON LIABILITY ISSUES" (DKT # 268)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Robert J. Franzinger, William F. Kolakowski, III, John S. Le Roy, Thomas A. Lewry, Marc Lorelli, Douglas C. Salzenstein, and Richard E. Zuckerman.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:

    DAVID T. PRITIKIN
    RICHARD CEDEROTH
    LAURA L. DONOGHUE
    **SIDLEY AUSTIN LLP**
    One South Dearborn Street
    Chicago, Illinois  60603

      **BROOKS KUSHMAN P.C.**

      By: /s/ John S. Le Roy
      MARK A. CANTOR   (P32661)
      THOMAS A. LEWRY  (P36399)
      JOHN S. LE ROY       (P61964)
      1000 Town Center — 22nd Floor
      Southfield, Michigan 48075-1238
      Tel: (248) 358-4400 — Fax: (248) 358-3351
      E-mail:  mcantor@brookskushman.com
             tlewry@brookskushman.com
             jleroy@brookskushman.com

      *Attorneys for Plaintiffs*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-11-