UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER A. HOCHSTEIN, et al.,

       Plaintiffs,                                                       CASE NO. 04-CV-73071

-vs-                                                                          PAUL D. BORMAN
                                                                               UNITED STATES DISTRICT JUDGE

MICROSOFT CORPORATION, et al.,

       Defendants.
_____/

## OPINION AND ORDER ON THE PARTIES' MOTIONS IN LIMINE

Before the Court are the parties' motions in limine. The Court held hearings on these motions on August 1 and 6, 2008. For reasons stated on the record, and for the reasons that follow, the following rulings apply.

**I.    BACKGROUND**

This case arises from Plaintiffs' allegations that Defendants Microsoft Corporation and Sony Computer Entertainment of America both infringed upon their U.S. Patent No. 5,292,125 ("'125 patent"), titled "Apparatus and Method for Electrically Connecting Remote Video Games," and describing a method and apparatus that permit individuals to play video games against remote opponents and simultaneously converse with them.

The instant case witnessed two rounds of summary judgment motions. During 2005, Defendants filed dispositive motions on the issue of patent infringement, focusing upon claims 15, 37, and 39 in the '125 patent. In 2006, the Court permitted a second round of summary judgment briefing on patent invalidity under 35 U.S.C. § 102(a), (b), and (g) based on the

existence of SIMNET. The Court decided to perform the *Markman* claim construction in conjunction with the summary judgment phase.

On November 15, 2006, with the consent of the parties, the Court appointed Special Master Professor Paul M. Janicke to hold a hearing on December 8, 2006, and to issue a Report and Recommendation on Defendants' 2005 and 2006 summary judgment motions. On January 26, 2007, the Special Master performed the relevant claim constructions and made the following recommendations:

(1)　Deny Defendants' motions because triable issues of material fact existed on Defendants' SIMNET defense;

(2)　Grant Defendants' motions on claim 37 for indefiniteness; and

(3)　Deny Defendants' motions because triable issues of material fact existed on infringement regarding claims 15 and 39.

On February 21, 2007, both Defendants filed Objections to the R&R, raising substantially similar arguments as contained in the summary judgment briefing.

On May 18, 2007, this Court held a hearing on Defendants' objections. Before the Court ruled on Defendants' objections, Defendants brought to the Court's attention the intervening Federal Circuit decision *Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946 (Fed. Cir. 2007), to further support their argument that claim 15 should fail since the '125 patent failed to disclose an algorithm for the Fig. 3 microprocessor.

On October 25, 2007, the Court rejected Defendants' objections, and accepted the Special Master's Report in its entirety. The Court found that *Biomedino* and the subsequent case *AllVoice Computing PLC v. Nuance Communications, Inc.*, 504 F.3d 1236 (Fed. Cir. 2007), did

not alter the legal landscape to the extent necessary to undermine the Special Master's relevant analysis on the issue of the microprocessor algorithm disclosure.

On December 28, 2007, Defendants filed a motion for leave to file a summary judgment motion in light of two other relevant judicial decisions: (1) *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007) (discussing obviousness); and (2) *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (discussing willful patent infringement). On January 9, 2008, the Court denied Defendants' motion, since it had considered both of these decisions at the time of its October 25, 2007 Order.

On April 8, 2008, Defendant Sony was dismissed from the case pursuant to a settlement agreement with Plaintiffs.

On April 22, 2008, Microsoft filed a motion for leave to file a partial summary judgment motion on the claim 15 infringement issue, in light of the Federal Circuit's March 28, 2008 decision in *Aristocrat Technologies Australia Pty Ltd. v. International Game Technology*, 521 F.3d 1328 (Fed. Cir. 2008). In that motion, Microsoft argued that *Aristocrat* specifically rebuts the Special Master's conclusions that the '125 patent disclosed sufficient structure (or "algorithm") in regards to its use of a "voice over data" means. Plaintiffs responded that *Aristocrat* did not advance the ball significantly from *Biomedino* or *AllVoice* – that essentially *Aristocrat* was a case in which no algorithm was disclosed, whereas the Special Master found that the '125 patent disclosed an algorithm.

With the consent of the parties, the Court referred Microsoft's motion to the Special Master to hold a hearing on July 18, 2008. On July 24, 2008, the Special Master issued his supplemental R&R, and therein made the following recommendations:

(1) The previous R&R's identification of the programming algorithm was too broadly formulated in light of *Aristocrat* and *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323 (Fed. Cir. 2008) decisions;

(2) Figures 2 and 3 in the '125 patent describe the same embodiment;

(3) Neither party presented meaningful expert testimony on the question of whether the '125 patent's microprocessor discloses an algorithm

(4) The Special Master was unable to decide summary judgment on claim 15 absent expert evidence on an algorithm disclosure;

(5) Microsoft is not entitled to summary judgment on the "filters" disclosure in the '125 patent;

(6) Modem 114 is bidirectional, thus a trier of fact must determine whether Microsoft's use of a cable modem is an equivalent arrangement to Figures 2 and 3; and

(7) Claim 15 is not restricted to analog hardware filters, and could cover a digital implementation and equivalents of such an arrangement.

The Special Master ultimately concluded that the Court should grant in part and deny in part Microsoft's motion for leave to file. Both parties filed Objections to the supplemental R&R. There will be a hearing on those Objections later today, August 21, 2008.

On July 28, 2008, the Court issued an Order regarding trial limits and ruled that it would bifurcate the jury trial into two phases. The first phase involves liability and validity issues. If the jury finds for Plaintiffs on infringement, and Microsoft's invalidity defense fails, the same jury would hear the damages portion of Plaintiffs' claims.

As a result of the bifurcation, the Court indicated that it would only decide at this point the motions in limine concerning the liability phase of the case. On August 1 and 6, 2008, the Court held motion hearings on the parties' motions in limine.

## II. ANALYSIS

### A. Plaintiffs' Motion to Compel Xbox 360 Financials and to Consolidate Cases (Doc. No. 261)

For the reasons stated at the August 6, 2008 motion hearing, the Court GRANTS Plaintiffs' motion to consolidate the cases. The consolidation of first case involving the Xbox and the second case involving the Xbox 360 necessitates additional discovery, in particular as to the Xbox 360 financial records. The Court created a new scheduling order at today's hearing.

### B. Plaintiffs' Motions in Limine (Doc. Nos. 260, 266 & 279)

#### 1. Permit Expert Testimony by Dr. Matheson

For the reasons stated at the August 1, 2008 motion hearing, the Court GRANTS Plaintiffs' motion. (Tr. 8/1/08, p. 63-83).

#### 2. Exclude Evidence Relating to Microsoft's Requested '125 Patent Reexamination

Plaintiffs request that the Court exclude evidence of Microsoft's April 30, 2008 request with the U.S. Patent & Trademark Office ("USPTO") for a reexamination of their '125 patent. On May 14, 2008, the USPTO granted Microsoft's request – but has taken no additional official action to date. Plaintiffs submit that the Court should exclude evidence of the requested patent reexamination as irrelevant and unfairly prejudicial.

Microsoft responds that it would only introduce the fact of the reexamination if Plaintiffs argue at trial that that the '125 patent has a statutory presumption of validity. Microsoft points out that the USPTO granted its request for a reexamination because the USPTO failed to consider prior art at the time of the original examination. Microsoft has not moved to stay the case pending the reexamination.

5

In *Hoechst Celanese Corporation v. BP Chemicals Ltd.*, 846 F. Supp. 542 (S.D. Tex. 1994), *aff'd* 78 F.3d 1575 (Fed. Cir. 1996), the district court denied the defendant's request to introduce at trial preliminary reexamination findings on the subject of patent validity as "having little or no probative value, and as being overly prejudicial." *Id*. at 547; *see* 78 F.3d at 1584 ("We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity").

Moreover, the Court finds instructive the district court's discussion of the issue in *Amphenol T & M Antennas, Inc. v. Centurion International, Inc.*, No. 00-4298, 2002 WL 32373639 (N.D. Ill. Jan. 17, 2002) (unpublished):

> If [the defendant] succeeds in persuading the Patent Office that some or all of [the plaintiff's] patent is invalid, a jury verdict in favor of [the plaintiff] in this case will almost certainly have to be set aside, in whole or in part; thus if [the defendant] wins before the PTO, [the defendant] will win regardless of what this jury is told. But if this court allows the jury to hear evidence that could call into doubt the presumption of validity, the jury returns a verdict for [the defendant] and the reexamination proceedings end in a reaffirmation of the patent's claims, the verdict will be seriously undermined. This result is not necessary. If the jury is instructed that the patent is presumed valid, the evidence of the reexamination proceedings is excluded and [the defendant] wins, that verdict will be manifestly sustainable. If, following such a trial, [the plaintiff] wins, that verdict will also be manifestly sustainable, unless the PTO invalidates some or all of [the plaintiff's] claims.
>
> Besides enhancing the likelihood that a sustainable verdict will be achieved in this case, excluding evidence of the reexamination proceedings makes sense for another reason. As a probative matter, the Patent Office's decision to grant reexamination casts the validity of the patent into some doubt, but only to a small degree. *Indeed, the Federal Circuit has stated that "the grant by the examiner of a request for reexamination is not probative of unpatentability."* The likelihood that some or all of the patent will be invalidated as a result of the reexamination proceedings is impossible to calculate with any reasonable degree of certainty, but statistically, it is not great. While the PTO will not apply the presumption of validity to the

> reexamination proceedings, it may well conclude that the patent is sustainable over [the defendant's] challenge. And yet, telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [the plaintiff]. The prejudicial potential of this evidence far outweighs any probative value it may have.
>
> Insofar as there is any precedent on this issue, it suggests that admission of evidence concerning reexamination proceedings would be inappropriate.

*Id*. at *1-2 (emphasis added) (internal citations omitted); *see 3M Innovative Props. Co. v. DuPont Dow Elastomers LLC*, No. 03-3364, 2005 WL 2216317, *2 (D. Minn. Sept. 8, 2005) (unpublished) ("On the other hand, admission of evidence of an incomplete reexamination would have low probative value, would distract from the core issues of the case, and would be highly prejudicial"); *CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 842-43 (D. Minn. 2007) (granting the plaintiff's request to exclude at trial evidence of the USPTO's interim and "tentative" rejections of certain claims on anticipation and obviousness grounds).

The Court finds persuasive the reasoning in the above-cited cases. Introduction of evidence on the '125 patent reexamination process at trial would be unfairly prejudicial to Plaintiffs pursuant to Rule 403, and be likely confusing to the jury.

For the foregoing reasons, and for the reasons stated on the record, the Court GRANTS Plaintiffs' motion.

### 3. Exclude Evidence of Prior Art not Disclosed in a Claim Chart

For the reasons stated on the record at the August 1, 2008 motion hearing, the Court DENIES Plaintiffs' motion. (Tr. 8/1/08, p. 49-62).

### 4. Exclude Evidence of Claim Constructions Rejected by Special Master

Since the Special Master's supplemental R&R has revised his opinion regarding claim construction, the Court HOLDS IN ABEYANCE Plaintiffs' motion until after the Court rules on the parties' objections to the supplemental R&R at today's hearing.

    5.  Exclude Testimony by Microsoft's Proposed Witness Robert Moline

At the August 1, 2008 motion hearing, the parties stated that they had resolved potential issues involving Microsoft's witness Robert Moline, and that his testimony would be relevant only to a potential damages phase of the case. Given these considerations, the Court HOLDS IN ABEYANCE Plaintiffs' motion, and will address the propriety of his testimony if it becomes relevant during the damages phase of the case. (Tr. 8/1/08, p. 196-97).

    6.  Exclude Evidence Relating to SIMNET, a Government Program Allegedly Involving Simultaneous Voice-Over Capability During War Games

Plaintiffs request that the Court preclude all evidence concerning Microsoft's invalidity or prior art defense relating to SIMNET. Plaintiffs contend that: (1) the Special Master rejected Microsoft's SIMNET defense; (2) SIMNET will confuse the jury and consume valuable trial time and resources.

During the summary judgment phase of the case, Microsoft argued that SIMNET supported the '125 patent's invalidity under 35 U.S.C. § 102. After considering the parties' arguments, the Special Master concluded that triable issues of material fact existed as to Microsoft's theory. (R&R ¶¶ 93-135).

Although Microsoft acknowledges that it will not be pursuing a SIMNET invalidity defense at trial, it maintains that a wholesale exclusion is inappropriate, since SIMNET articles and materials "may indeed be relevant to invalidity even if only to help show the state of the

art." Microsoft acknowledges that SIMNET would only play a limited role and not be the main focus of its case.

At the August 1, 2008 motion hearing, the Court indicated that if Microsoft wished to introduce the topic of SIMNET at trial on issues relevant to the instant case that it needed to raise the issue with the Court beforehand. Therefore, the Court provisionally GRANTS Plaintiffs' motion, without prejudice to Microsoft to re-raise the issue at trial.

7. Exclude Evidence of Dr. Macedonia's Opinions not Expressed in his Opening Expert Reports

For the reasons stated by the Court during its discussion of this issue and Dr. Matheson's testimony on behalf of Plaintiffs, the Court DENIES Plaintiffs' motion.

8. Exclude Evidence of Damon Danieli and his Patent Application

Plaintiffs submit that the Court should exclude evidence of Damon Danieli and his August 30, 2005 patent (U.S. Patent No. 6,935,959) (application filed on May 16, 2002) for two reasons: (1) Microsoft did not disclose that Danieli would testify until July 15, 2008; and (2) his patent application is irrelevant. Plaintiff represents that Danieli was not disclosed in Microsoft's interrogatory responses, nor on the proposed Joint Final Pretrial Order of December 2007. Furthermore, Plaintiffs argue that the patentability of an accused product is irrelevant in an infringement action.

Microsoft responds: (1) the Federal Circuit has held that patentability of an accused product is relevant to responding to structural equivalency under § 112, ¶ 6, since the USPTO considered Plaintiffs' prior patents but ultimately granted Danieli's patent application; (2) any jury confusion on the introduction or such evidence can be resolved by a curative instruction; (3) permitting Danieli to testify at trial would not constitute surprise, since two of Plaintiffs' experts

9

both discuss his patent application in their respective 2005 and 2008 reports; (4) Microsoft has made Danieli available for deposition before trial; and (5) the parties never agreed to exclude Danieli evidence.

At the motion hearing, Plaintiffs agreed that they would not introduce evidence concerning Danieli at trial on the invalidity issue. (Tr. 8/1/08, p. 37). Microsoft argued that "Danieli and his patent address a core argument that Microsoft's so-called late entry to this field somehow undermines Microsoft's invalidity arguments and somehow validates the validity of the patent." (*Id*. at 39).

Given the facts that Microsoft: (1) failed to disclose Danieli as a witness who was knowledgeable with the Xbox before the close of discovery; (2) did not reveal its intention to call Danieli at trial before July 15, 2008; and (3) failed to justify his testimony at trial given the marginal relevance that his testimony would have on invalidity issues, the Court will exclude evidence of Danieli and his patent application at trial.

Therefore, the Court GRANTS Plaintiffs' motion.

**C.    Microsoft's Motions in Limine Regarding Issues Not to Be Raised at Trial (Doc. No. 267)**

1.    Exclude Evidence Regarding the Summary Judgment Phase of the Proceedings

Microsoft submits that the Court should exclude at trial any evidence pertaining to the summary judgment phase of the case – including the disposition, statement of the parties, and legal rationales. Plaintiffs respond that it is appropriate to deem the Special Master's "findings of fact," as adopted by the Court, as conclusive for the purposes of trial.

On this issue, the Court finds persuasive the district court's reasoning in *Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-318, 2008 WL 1766891 (S.D. Ohio Apr. 11, 2008) (unpublished):

> [The plaintiff] first petitions the Court to deem certain allegedly undisputed facts as established for the purposes of trial. Pursuant to Federal Rule of Civil Procedure 56(d)(1), the Court may "make an order specifying the facts that appear without substantial controversy. . . . Upon trial of the action, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." [The plaintiff] urges the Court to recognize various allegedly undisputed facts that the Court relied upon in denying [the defendant's] motion for summary judgment.
>
> Because only [the defendant] moved for summary judgment, the Court construed the facts in the light most favorable to [the plaintiff]. That does not mean that [the defendant] is precluded from challenging these factual conclusions at trial. Pursuant to Rule 56(d) the Court may "ascertain what material facts exist[] without substantial controversy." Here, [the defendant] objects to many of the allegedly undisputed facts in [the plaintiff's] motion. Rule 56(d) is not a procedural vehicle to bar a party losing at summary judgment from presenting evidence as to facts genuinely in dispute

*Id.* at *5 (internal citation omitted).

Similarly in the instant case, Microsoft has the prerogative to challenge the disputed facts in the case. Although the Court's adoption of the Special Master's R&R provides the binding legal framework (e.g., claim constructions) governing the case and will be presented to the jury by the Court, the conclusive findings of disputed facts are the province of the jury.

Therefore, the Court GRANTS IN PART and DENIES IN PART Microsoft's motion.

    2.    Exclude Evidence Regarding the Sufficiency of Discovery

For the reasons stated on the record at the August 1, 2008 motion hearing, the Court, GRANTS Microsoft's motion. (Tr. 8/1/08, p. 85-86).

    3.    Exclude Evidence Regarding the Sony Settlement and Sony Evidence

At the August 1, 2008 motion hearing, the parties indicated that they agreed the Sony settlement and evidence pertaining to Sony would not be introduced during the liability phase of the case. (*Id*. at 86-87). This issue can be raised anew if there is a damages phase of the case. Therefore, the Court DENIES AS MOOT Microsoft's motion.

    4.  Exclude Evidence of Other Patents by Plaintiffs

At the August 1, 2008, the parties indicated that they had reached an understanding of how to resolve the issue of evidence of Plaintiffs' other patents. (*Id*. at 91-96). Therefore, the Court DENIES AS MOOT Microsoft's motion.

    5.  Exclude Evidence Regarding the Presence or Absence of Witnesses at Trial

Microsoft submits that Plaintiffs should be precluded from commenting on the presence or absence of any witnesses at trial. Plaintiffs respond that they have no current plans to do so. To the extent that this issue becomes an issue at trial, the Court HOLDS IN ABEYANCE Microsoft's motion.

  **D.**  **Microsoft's Motions in Limine Regarding Improper Evidence on Liability Issues (Doc. No. 268)**

    1.  Mr. Rappaport's Arguments Regarding Objective Evidence of Non-Obviousness

As explained by the Court at the August 1, 2008 motion hearing, Mr. Rappaport will not testify during the liability phase of the case. (Tr. 8/1/08, p. 101). Therefore, the Court HOLDS IN ABEYANCE Microsoft's motion.

    2 + 3. Ms. Metz's Testimony of Her Alleged Communication with Microsoft Evidencing Microsoft's Knowledge of the '125 Patent Prior to Filing Suit and Pre-Suit Inducement of Infringement

12

As explained by the Court at the August 1, 2008 motion hearing, Plaintiffs' witness Rochelle Metz can only testify during the damages portion of the case. (*Id*. at 116-37). Therefore, the Court GRANTS IN PART and DENIES IN PART Microsoft's motion.

4. Positions Contrary to or Inconsistent with Those before the Special Master

Microsoft generally contends that Plaintiffs should be judicially estopped at trial from taking positions contrary to those relied upon in their pleadings before the Special Master, as reflected in his January 26, 2007 R&R. Microsoft cites only two examples: (1) Plaintiffs' position that there is no support in the specification for the "original" claim 39 besides claim 39 itself; and (2) Plaintiffs' position regarding the number of embodiments disclosed by the specification, or "two alternative embodiments."

Plaintiffs respond that Microsoft is mischaracterizing their position on claim 39. Additionally, Plaintiffs maintain that the Special Master's Supplemental R&R recognized that Figures 2 and 3 in the '125 patent describe the same embodiment.

The United States Court of Appeals for the Sixth Circuit has stated:

> The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." We consider three factors before deciding if judicial estoppel applies. First, a party's later position must be clearly inconsistent with its earlier position. Second, the party must have succeeded in persuading a court to accept that party's earlier position. Third, the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Popovich v. Sony Music Entm't, Inc.*, 508 F.3d 348, 366 (6th Cir. 2007) (internal citations omitted).

For the reasons stated on the record at the August 1, 2008 motion hearing, the Court DENIES Microsoft's motion. (Tr. 8/1/08, p. 102-16).

### 5. Demand for Voice Chat in Nintendo's Wii Shows "Long Felt Need" on the Issue of Obviousness

On the issue of obviousness, Microsoft contends that the Court should exclude evidence of the Nintendo Wii on the issue of whether there was a "long felt need" for Plaintiffs' '125 patent. Microsoft submits that the "long felt need" should be analyzed from the date of the invention (here 1991), rather than Nintendo Wii's introduction approximately fifteen years later. Plaintiffs' expert Dr. Matheson opined in his 2008 report that the lack of voice chat in Nintendo's Wii video game console demonstrates that there was a "long felt need" for Plaintiffs' 1991 invention.

Plaintiffs respond that the Federal Circuit has not limited the consideration of "long felt need" evidence to the exact time of the purported invention.

In *KSR*, the Supreme Court reiterated the traditional analysis for obviousness:

> *Graham v. John Deere Co. of Kansas City* set out an objective analysis for applying § 103: "[T]he scope and content of the prior art are . . . . determined; differences between the prior art and the claims at issue are . . . . ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

127 S. Ct. at 1729-30 (2007) (internal citation omitted).

In regards of an appropriate time frame for the "long felt need," the Federal Circuit recognized that "[w]ith respect to long-felt need, respondents incorrectly argue that long-felt need is analyzed only as of the date of the "most pertinent" prior art references. Rather, long-felt need is analyzed as of the date of an articulated identified problem and evidence of efforts to

14

solve that problem." *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1178 (Fed. Cir. 1993).

At the August 1, 2008 motion hearing, the parties agreed that if the subject of the Wii arises, the parties will take this matter up with the Court at trial prior to its introduction into evidence. (Tr. 8/1/08, p. 140). Therefore, the Court DENIES AS MOOT Microsoft's motion.

> **E.    Microsoft's Motion in Limine to Have the Court Decide the Issue of Obviousness without Having an Advisory Verdict (Doc. No. 269)**

For the reasons stated on the record at the August 1, 2008 motion hearing, the Court HOLDS IN ABEYANCE Microsoft's motion. (*Id*. at 141-52).

> **F.    Microsoft's Motion in Limine to Set the Order of Proof and Order of Closing Arguments at Trial (Doc. No. 270).**

Microsoft contends that the Court should set the following order of proof and following order of trial pursuant to *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986). Under that scheme, the following order would apply to both the order of proofs and closing arguments:

(1) Plaintiffs' case on infringement;
(2) Defendant's response on infringement;
(3) Defendant's case on validity;
(4) Plaintiffs' rebuttal on infringement;
(5) Plaintiffs' response to validity; and
(6) Defendant's rebuttal on validity.

Plaintiffs agree with Microsoft's proposal, yet contend that they should have the last word during closing arguments.

Initially, although the district court in *Orthokinetics* endorsed Microsoft's instant proposal, the Federal Circuit did not explicitly approve of that particular order of trial. In 1987,

15

then-Chief Judge Markey of the Federal Circuit suggested the following framework at trial when dealing with both infringement and invalidity issues:

> At the first pretrial conference and perhaps in a pretrial order, the following should be made clear: (1) the patentee bears the burden of establishing infringement and will proceed first on, and at that point only on, that issue at the trial, which will begin with that issue; (2) the defendant bears the burden of establishing the invalidity defense and will proceed first on that defense if and when it is reached; (3) the trial or trials will be conducted like any other civil trial under the applicable Federal Rules of Civil Procedure; (4) (if a jury trial) the type of verdict that will be asked of the jury; (5) In deciding the case after a bench trial, or in deciding post-jury trial motion, the trial judge's personal view on whether the invention would have been obvious to the judge is not relevant.

*On Simplifying Patent Trials*, 116 F.R.D. 369, 382 (1987). Some courts have actually bifurcated the trial into two proceedings – the first on infringement, and the second on validity (if necessary) – pursuant to Fed. R. Civ. P. 42(b). *See, e.g., Troncoso v. Martin Archery, Inc.*, 127 F.R.D. 190, 192 (E.D. Wash. 1989). On the other hand, Judge Enslen in the Western District of Michigan endorsed the order of proof proposed by Microsoft in the instant case. *See Haworth v. Steelcase, Inc.*, 4.U.S.P.Q.2d 1654, 1987 WL 125128 (W.D. Mich. 1987).

As explained by the Court at the August 1, 2008 motion hearing, the Court accepts Microsoft's order of proofs at trial. However, the Court established that the Plaintiffs will proceed first in the closing argument, then Microsoft's closing, and finally Plaintiffs' rebuttal – *period*. (Tr. 8/1/08, p. 152-53).

### G. Microsoft's Motion in Limine Regarding Argument, Testimony, and Other Evidence on the Doctrine of Equivalents (Doc. No. 271)

Microsoft contends the Plaintiffs should be precluded from introducing a "doctrine of equivalents" theory at trial.

16

Plaintiffs admit that they do not intend to advance a "doctrine of equivalents" contention at trial. Nevertheless, Plaintiffs represent that in regards to claim 15, literal infringement may be established by either "identical" and "equivalent" structure in the accused products under 35 U.S.C. § 112, ¶ 6. The Federal Circuit has explained the distinction between "equivalent" as used in § 112, ¶ 6, and the "doctrine of equivalents":

> If an accused structure is not a section 112, paragraph 6 equivalent of the disclosed structure because it does not perform the identical function of that disclosed structure and hence does not literally infringe, it may nevertheless still be an "equivalent" under the doctrine of equivalents. Thus, if one applies the traditional function-way-result test, the accused structure must perform substantially the same function, in substantially the same way, to achieve substantially the same result, as the disclosed structure. [FN. 6]. A key feature that distinguishes "equivalents" under section 112, paragraph 6 and "equivalents" under the doctrine of equivalents is that section 112, paragraph 6 equivalents must perform the identical function of the disclosed structure, while equivalents under the doctrine of equivalents need only perform a substantially similar function[.]
>
>> FN. 6. We note that the basic inquiry under the doctrine of equivalents is whether the differences between the accused and disclosed structure are "insubstantial," and that the function-way-result analysis may not always be decisive in making that determination[.]
>
> Because the "way" and "result" prongs are the same under both the section 112, paragraph 6 and doctrine of equivalents tests, a structure failing the section 112, paragraph 6 test under either or both prongs must fail the doctrine of equivalents test for the same reason(s). That was the case in *Chiuminatta,* in which the "way" was determined to be substantially different under a section 112, paragraph 6 analysis. Accordingly, we concluded that the accused structure did not infringe under the doctrine of equivalents for precisely the same reason.

*Kemco Sales, Inc. v. Control Papers Co., Inc.*, 208 F.3d 1352, 1364 (Fed. Cir. 2000) (internal citations omitted).

To the extent that Plaintiffs are only pursuing an "equivalent" theory under § 112, ¶ 6, and not a "doctrine of equivalents" theory, on claim 15, the Court will permit Plaintiffs to

17

present their theory at trial. Therefore, the Court GRANTS IN PART and DENIES IN PART Microsoft's motion.

## III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **GRANTS** Plaintiffs' Motion in Limine to Permit Expert Testimony by Dr. Matheson (Doc. No. 260);

(2) **GRANTS** Plaintiffs' Motion to Compel Xbox 360 Financials and to Consolidate Cases (Doc. No. 261);

(3) **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motions in Limine (Doc. No. 266):

    (a) **GRANTS** the motion to exclude evidence relating to Microsoft's '125 patent reexamination;

    (b) **DENIES** the motion to exclude prior art not disclosed in a claim chart;

    (c) **HOLDS IN ABEYANCE** the motion to exclude evidence of claim constructions rejected by the Special Master;

    (d) **HOLDS IN ABEYANCE** the motion to exclude testimony by Microsoft's proposed witness Robert Moline in the damages phase;

    (e) **GRANTS** the motion to exclude evidence relating to SIMNET, without prejudice to be reconsidered at trial;

    (f) **DENIES** the motion to exclude evidence of Dr. Macedonia's opinions not expressed in his opening expert reports; and

    (g) **GRANTS** the motion to exclude Damon Danieli and his Patent Application (Doc. No. 279);

(4) **GRANTS IN PART** and **DENIES IN PART** Microsoft's Motions in Limine Regarding Issues not to be Raised at Trial (Doc. No. 267):

    (a) **GRANTS IN PART** and **DENIES IN PART** the motion regarding the summary judgment phase of the proceedings;

    (b) **GRANTS** the motion regarding the sufficiency of discovery;

(c) **DENIES AS MOOT** the motions regarding the Sony settlement and Sony evidence;

(d) **DENIES AS MOOT** the motion regarding Plaintiffs' other patents; and

(e) **HOLDS IN ABEYANCE** the motion regarding the presence or absence of witnesses at trial;

(5) **GRANTS IN PART** and **DENIES IN PART** Microsoft's Motions in Limine Regarding Improper Evidence on Liability Issues (Doc. No. 268):

(a) **HOLDS IN ABEYANCE** the motion regarding Mr. Rappaport's arguments regarding objective evidence of non-obviousness at the damages phase;

(b) **GRANTS IN PART** and **DENIES IN PART** the motion regarding Ms. Metz's testimony of her alleged communication with Microsoft evidencing Microsoft's knowledge of the '125 Patent prior to filing suit;

(c) **DENIES** the motion regarding Plaintiffs' positions contrary or inconsistent with those before the Special Master; and

(d) **DENIES AS MOOT** the motion regarding the demand for voice chat in Nintendo's Wii showing a "long felt need" on the issue of obviousness;

(6) **HOLDS IN ABEYANCE** Microsoft's Motion in Limine that the Court should Decide Ultimate Issue of Obviousness without an Advisory Verdict (Doc. No. 269);

(7) **GRANTS IN PART** and **DENIES IN PART** Microsoft's Motion in Limine to Set the Order of Proof and Order of Closing Arguments at Trial (Doc. No. 270);

(8) **GRANTS IN PART** and **DENIES IN PART** Microsoft's Motion in Limine Regarding Argument, Testimony, and Other Evidence on the Doctrine of Equivalents (Doc. No. 271); and

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 21, 2008.

                                                          s/Denise Goodine
                                                          Case Manager