**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER A. HOCHSTEIN, JEFFREY
TENENBAUM, and HAROLD W.
MILTON, JR.,                                   Case Number: 04-73071

               Plaintiffs,                         JUDGE PAUL D. BORMAN
                                                            UNITED STATES DISTRICT COURT
v.

MICROSOFT CORPORATION,

               Defendant.
_____ /

**ORDER GRANTING HOCHSTEIN'S EMERGENCY MOTION FOR LEAVE TO
PERMIT HOCHSTEIN'S LITIGATION COUNSEL TO PARTICIPATE IN THE
REEXAMINATION OF THE '125 PATENT WHICH WAS INITIATED BY AN EX
PARTE REQUEST BY DEFENDANT MICROSOFT**

Before the Court is Plaintiff Peter A. Hochstein's ("Hochstein") Emergency Motion for Leave to Permit Hochstein's Litigation Counsel to Participate in the Reexamination of the '125 Patent, filed September 9, 2008. (Doc. No. 323). This reexamination was initiated by an "ex parte reexamination transmittal form" submitted at the behest of defendant Microsoft on April 30, 2008.

This motion was fully briefed, and the Court held a motion hearing on September 19, 2008. Having considered the entire record, and for the reasons that follow, the Court **GRANTS** Hochstein's motion.

**I. BACKGROUND**

This case, filed in 2004, initially involved Plaintiffs' suit against Microsoft and Sony. Sony settled with Plaintiffs on April 8, 2008.

The case involves a patent dispute between Plaintiffs Peter A. Hochstein, Jeffrey Tenenbaum, and Harold W. Milton, Jr. (collectively "Plaintiffs") and Microsoft Corporation ("Microsoft") ("Defendant"). *See* Apparatus and Method for Electrically Connecting Remotely Located Video Games, U.S. Patent No. 5,292,125 (filed May 31, 1991) ("'125 Patent"). The underlying facts of this case are recounted in more detail in this Court's previous Opinion and Order on the Parties' Motions In Limine. (Opinion and Order on the Parties' Motion In Limine, Aug. 21, 2008) (Doc. No. 320). In the instant motion, Hochstein asks this Court to allow his litigation counsel to participate in the reexamination of the '125 patent. Defendant opposes Hochstein's motion on the grounds that his litigation counsel may inadvertently misuse confidential information Defendant provided pursuant to a protective order stipulated to by both parties. Defendant further contends that Plaintiffs' litigation counsel's participation in the reexamination is unnecessary because Hochstein's interests will be adequately represented at the reexamination by Milton, a co-plaintiff and a patent attorney.

The Court entered a stipulated protective order on January 19, 2005, which, in part governs the disclosure and use of confidential information exchanged by the parties during the lawsuit. (Doc. No. 24). The section of the protective order at issue, 5(d), which is also known as a prosecution bar, states as follows:

> *Prosecution Restriction*. **Any attorney** or patent agent **who**, on behalf of a party to this litigation, **actually has received or reviewed any materials of a technical nature designated** "ATTORNEYS' EYES ONLY," "OUTSIDE COUNSEL'S EYES ONLY INFORMATION" or "ATTORNEYS' EYES ONLY - SOURCE CODE" by another party **shall not thereafter prosecute, supervise, or assist in any way in the prosecution of any patent application relating to voice-over-IP technology or**

2

> **technology related to video games**, including but not limited to synchronized video game play, on behalf of the parties to this litigation for the pendency of this litigation and for a period of one year after conclusion of this litigation. This restriction does not apply generally to the law firms involved in this litigation, but only to the specified individuals. For purposes of this paragraph, **prohibited patent prosecution shall include, without limitation**: invention identification; invention evaluation; the decision whether to file a patent application for an invention; preparation of, or preparation of amendments to, original, continuation, divisional, continuation-in-part, request for continued examination, **reexamination**, reissue, substitute, renewal or conventional patent applications; claim drafting; **or consultation on any of the above matters with other performing these activities**. This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of prosecution that do not involve the merits, substance, or technical nature of an application.

(Pl.'s Br. Ex. 1 5(d) (emphasis added).

Plaintiffs Hochstein, et.al. acknowledge that the prosecution bar is designed to "ensure that attorneys who have access to highly sensitive technical information do not use that information, even inadvertently, when prosecuting patents." (Pl.'s Br. 3). However, Hochstein argues that the purpose of the prosecution bar in this case was to prevent his litigation counsel from drafting new patent claims based on confidential information Defendant disclosed during this litigation. (Pl.'s Br. 2). Hochstein asserts that his litigation counsel will not draft new claims, or change the claims at the reexamination, which will relate solely to claims of prior art; therefore, there is no risk that any of Defendant's confidential information will be compromised at the reexamination. (*Id.*) Hochstein states his litigation counsel will assist his patent attorney, Hal Milton, in answering the Patent and Trademark Office's ("PTO") mischaracterization of the prior art and "the PTO's comparison of that art to the existing claims of the '125 patent," which they will do using public information. (*Id.*) Hocstein states that the reexamination involved public prior art. Microsoft does not contest this assertion. Hochstein contends that it is essential that his litigation counsel participate in the reexamination because they have four years of

3

experience with this case and the prior art, and it would be impossible for another attorney to rise to their level of expertise without their assistance. (*Id.* at 3-4).

Defendant opposes Hochstein's motion on the ground that his litigation counsel may inadvertently misuse confidential information Defendant disclosed during discovery. (Def.'s Br. 1). Defendant contends that Hochstein must show good cause in order to warrant modification of the protection order, which he has failed to do. (*Id.* at 1-2). Defendant also argues that Hochstein's interests will be adequately protected at the patent reexamination by Milton, a co-plaintiff and a patent attorney, who is the counsel of record in the reexamination. (*Id.* at 5).

## II. ANALYSIS

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may enter a protective order for good cause shown to protect a party from annoyance, oppression, undue burden or expense. Fed. R. Civ. P. 26(c). It is also within the district court's authority to modify the protective order upon a showing of good cause. *In re Upjohn Co. Antibiotic Cleocin Products, Etc.*, 664 F.2d 114, 118 (6th Cir. 1981); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods*, 823 F.2d 159, 163 (6th Cir. 1987) (instructing courts to require the moving party to explain why the modification is necessary in cases where legitimate secrecy interests exist); *In re Air Crash Disaster*, 130 F.R.D. 634, 638 (E.D. Mich 1989); *MSC Software Corp. v. Altair Engineering, Inc.*, 2008 WL 2478313, *1 (E.D. Mich. June 17, 2008) (Mazjoub, MJ); *Children's Legal Services P.L.L.C v. Kresch*, 2007 WL 4098203, *1 -2 (E.D. Mich. Nov. 16, 2007) (Mazjoub, MJ). The burden is especially high where the parties stipulate to the protective order. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978); *Children's Legal Services*, 2007 WL 4098203, *1 -2.

4

In this case, Defendant has a legitimate secrecy interest, namely keeping its trade secrets and proprietary information confidential. That is undisputed. Thus, Hochstein must explain why modification of the protection order is necessary. *Meyer Goldberg*, 823 F.2d at 163. Hochstein argues that there is no risk of disclosure of confidential information because his litigation counsel will be relying solely on the patent and the prior art, all of which are in the public record. Hochstein also represents that he will not draft new claims or revise his claims at the reexamination. Hochstein further contends that prohibiting litigation counsel, who are the most knowledgeable about this case, from participating in the reexamination process is highly prejudicial and unfair. (Pl.'s Br. at 4). Defendant responds that the risk that Plaintiff's litigation counsel will inadvertently shape their participation in the reexamination, based on the confidential information they have received, is great. (Def.'s Br. 4). Further, Defendant contends that even the most ethical lawyer, would not be able to compartmentalize the confidential information well enough, after working for so long on the case, to guarantee that Defendant's proprietary information would not be disclosed. (*Id.* at 5).

After reviewing the record, and balancing the potential hardships each party faces, this Court concludes that Hochstein has shown good cause for modification of the protective order. First, and foremost, the reexamination will only implicate matters in the public record, i.e. the patent and the prior art. The object of the protective order is to prevent the use of confidential information obtained during litigation for purposes outside of the litigation. *Visto Corp. v. Seven Networks, Inc.,* 2006 WL 3741891, *7 (E.D. Tex. Dec. 19. 2006). Further, as discussed *infra*, this reexamination initiated by Defendant Microsoft is not outside of the litigation, it is part and parcel of the instant case.

Defendant's confidential information is basically irrelevant to the reexamination; it is undisputed that the reexamination only involves the patent and the prior art. *See e.g., MercExchange v. Ebay*, 500 F.Supp.2d 556, 589 (E.D. Va. 2007). In addition, Hochstein's litigation counsel has pledged that it will not draft new claims or amend existing claims during the reexamination, nor would it be in Hochstein's best interest to do so given the arguments he has already made in this lawsuit. Therefore, there is no risk of disclosure of Defendant's confidential information. Defendant was unable to specify what confidential information was at risk of disclosure, or the manner in which Hochstein's litigation counsel may use such information during the reexamination. Defendant's vague assertion that Hochstein's litigation counsel could inadvertently use information it obtained during discovery is not enough to preclude Hochstein's litigation counsel from assisting Mr. Milton with the reexamination in this case where Defendants initiated the reexamination.

Furthermore, this Court accepts Hochstein's assertion that the technical expertise needed to properly defend the '125 patent before the PTO is outside Mr. Milton's areas of expertise, and litigation counsel has the technical knowledge necessary to help him respond to the office action.

This Court also concludes that it would be fundamentally unfair to deny Hochstein's request to have litigation counsel prepare Mr. Milton for the reexamination. Defendant Microsoft requested the instant reexamination in May 2008, three months before this case was originally scheduled for trial, thereby forcing Hochstein to simultaneously defend the patent before the PTO and this Court. The trial date has been continued due to Plaintiff's motion to consolidate its two cases against Defendant, the first involving the initial XBox product, and second against the new version XBox 360. Allowing Hochstein's litigation counsel to

6

participate in the reexamination will significantly lessen Plaintiff's financial burden, without unduly burdening Defendant by realistically risking the inadvertent disclosure of its confidential information. Defendant Microsoft has the resources to hire additional counsel to further its defense in the instant case by utilizing the reexamination process, which creates an additional financial burden on the Plaintiffs that, rather having to hire new counsel for multiple hours to get up to speed, can be alleviated by allowing Plaintiffs' litigation counsel to participate in the examination.

Lastly, the Court views the reexamination by a party to this litigation to be a part-and-panel of Defendant Microsoft's strategy in the instant case. Although the protective order states that it covers "reexamination," the Court believes that the parties' intent in utilizing that term was that it apply to a reexamination by a "true" third party, not initiated by a party to the instant suit, to wit Microsoft. Microsoft has had an in-house counsel, Stacy Quan at proceedings in the instant case. That in-house counsel was not present at the instant emergency hearing. When the Court raised the question at the instant hearing whether the absent in-house counsel participated in the hiring of the law firm that filed the reexamination request, counsel for Microsoft did not deny it.

Thus, the Court concludes that the equities, fairness, and a logical reading of the protective order to prevent litigation counsel from participating in reexamination of the '125 Patent outside of the context of the instant case where that strategy is part of the defense, supports the Court's decision to grant the Plaintiff's Emergency Motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hochstein's Emergency Motion for

Leave to Permit Hochstein's Litigation Counsel to Participate in the Reexamination of the '125 Patent.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 24, 2008.

s/Denise Goodine
Case Manager