UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER A. HOCHSTEIN, et al,

        Plaintiff,                      Case Number: 04-73071

v.                                        JUDGE PAUL D. BORMAN
                                             UNITED STATES DISTRICT COURT

MICROSOFT CORPORATION,

        Defendant.
_____ /

## ORDER

I.    **RE: DEFENDANT'S INVALIDITY DEFENSE DOCUMENTS PROVIDED AFTER DOCUMENT DISCOVERY DEADLINE OCTOBER 31, 2008: <u>GRANTING</u> PLAINTIFFS' MOTION FOR SANCTIONS: PURSUANT TO FED. R. CIV. P. 37, FOR VIOLATING FED. R. CIV P. 26, EXCLUDING DOCUMENTS PRODUCED BY DEFENDANTS TO PLAINTIFFS AFTER THE DISCOVERY DEADLINE, OCTOBER 31, 2008; REDACTING EXPERT REPORT(S) AND DEPOSITION(S) TO EXCLUDE REFERENCE TO SUCH DOCUMENTS; PERMITTING USE OF OKI DATA BOOK.**

II.    **RE: DEFENDANT'S ROLLING PRODUCTION IN LATE MARCH 2009 OF 143,733 PAGES OF MARKETING MATERIALS RELATED TO ITS "VOICE CHAT" FEATURE, IN RESPONSE TO PLAINTIFFS' REQUEST ON FEBRUARY 13, 2009:**

1

**GRANTING PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(c), FOR VIOLATING FED. R. CIV. P. 26.**

A.  **REQUIRING DEFENDANT TO PROVIDE PLAINTIFFS WITH AN INDEX TO DEFENDANT'S MARKETING DOCUMENTS WITHIN ONE WEEK.**

B.  **PREVENTING DEFENDANT FROM INTRODUCING DEFENDANT'S MARKETING DOCUMENTS AFFIRMATIVELY AGAINST PLAINTIFFS.**

C.  **PREVENTING DEFENDANT FROM CONTESTING DEFENDANT'S MARKETING DOCUMENTS' ADMISSIBILITY AT TRIAL.  BUT, IF PLAINTIFFS INTRODUCE ANY OF THESE DOCUMENT IN THEIR CASE-IN-CHIEF, DEFENDANT CAN UTILIZE RELATED MARKETING DOCUMENTS IN RESPONSE.**

## OPINION

**I. Re: Defendant's Invalidity Defense Documents Produced After Document Discovery Deadline October 31, 2008**

This Court's Order stated that discovery closed on October 31, 2008.  (Amended Scheduling Order, 9/2/08).  All documents were required to be produced by that date.  This included all documents that Defendant Microsoft intends to use at trial regarding its invalidity defense.

Microsoft seeks to introduce into the case documents and reports produced after the discovery deadline, through Microsoft's expert Dr. Macedonia's post-October 31, 2008 invalidity report and deposition testimony.

The Court holds that Microsoft cannot evade the document discovery deadline. As the Federal Circuit Court of Appeals noted in *Innogenetics v. Abbot Laboratories*, 512 F.3d 1363, 1376 n.4 (Fed. Cir. 2008):

> This case aptly demonstrates the pitfalls of playing fast and loose with rules of discovery. Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.

*Innogentics* ruled that 35 U.S.C. § 282 does not trump discovery deadline requirements set forth in Federal Rule of Civil Procedure 26.

*Innogentics* cited with approval a 1995 Federal Circuit decision, *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998), that held:

> [W]hen the court has set and the parties have agreed to a discovery period, that procedure necessarily governs that trial. Thus although § 282 sets a minimum period for the identification of prior art to be introduced as evidence of anticipation, a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound.

The instant very complex case will proceed to trial in one month, June 23, 2009. Indeed, Defendant Microsoft has recently provided Plaintiffs with 140,000-plus marketing documents without an index.

Time is short; trial is near. It would be prejudicial to Plaintiffs to permit Defendant to introduce post-discovery deadline, late-produced documents and reports relating to invalidity. Discovery on invalidity has been ongoing since the case was filed in 2004.

The Court held a hearing on Plaintiffs' motion on May 8, 2009. Based on the argument at the hearing, and the briefs and exhibits submitted, the Court concludes that Defendant's failure to timely produce the evidence was not substantially justified, is not harmless, and is prejudicial to

Plaintiffs. Accordingly, the Court grants Plaintiffs' motion to exclude the late produced documents pursuant to Fed. R. Civ. P. 37(c).

Pursuant to Fed. R. Civ. P. 37(c)(1)(C), which permits appropriate sanctions, because Defendant did not comply with the discovery order deadline, the Court will prohibit Defendant from introducing the late-produced discovery into evidence either directly or through Dr. Macedonia's report or deposition. This sanction necessarily requires Defendant to redact Dr. Macedonia's report and his deposition testimony to exclude reference to such documents.

This Order does not include the OKI Data Book, which Defendant is permitted to introduce at trial.

## II. Re: Defendant Microsoft's Production of 143,733 Marketing Documents to Plaintiffs in Late March 2009

On August 7, 2008, Plaintiff filed a document request seeking:

All marketing documents . . . which refer or relate to multiplayer voice communication on the Xbox 360 or on any Xbox Live multiplayer game for the Xbox 360.

(Def.'s Resp. Ex. 3, Plaintiff's Document Request No. 62).

On September 17, 2008, Defendant Microsoft responded with general objections, and further, in pertinent part, objected to the request as "unduly burdensome to the extent it seeks 'all marketing documents.'" Microsoft stated that it would "produce a representative set of responsive . . . documents, if any, located after conducting a reasonable search." (Def.'s Resp., Ex. 4, Microsoft's Response to Plaintiffs' Document Request No. 62). Plaintiffs did not file a motion to compel or file objections at that time with regard to Microsoft's response.

On February 12, 2009, Plaintiffs deposed Microsoft's Lisa Mason with regard to marketing

the Xbox and XBox/360. At 4:25 p.m., Plaintiffs' counsel emailed a request to Defendant's counsel Laura Donoghue for two market studies referenced by Ms. Mason in her deposition. (Def.'s Resp. Ex. 8, Emails from John LeRoy to Laura Donoghue, 2/12/09).

One hour later, Plaintiffs' counsel emailed a request to Defendant's counsel for "what ever other Xbox/360 market studies are available on the file server where Ms. Mason's team stores all of their 'research documents and collateral material.'" ( Def.'s Resp. Ex. 8, Emails from John LeRoy to Laura Donoghue, 2/12/09)

The next day, February 13, 2009, Plaintiffs filed a formal Document Request seeking:

> All survey and marketing reports that refer or relate to Xbox Live voice chat or headsets, including but not limited to all such documents identified by Ms. Mason at her February 12, 2008 [sic] deposition. This request includes documents prepared by Microsoft and third-parties.

(Def.'s Resp., Ex. 9, Plaintiff's Document Request 109).

On March 23, 2009, *over five weeks later*, Microsoft responded with general objections to this request, and then specifically included this objection:

> Microsoft objects to this request as vague in that Ms. Mason's deposition took place in 2009, not in 2008.

(Def.'s Resp., Ex. 10, Microsoft's Response to Plaintiffs' Document Request No. 109).

Thereafter, Microsoft's March 23, 2009 response stated:

> Subject to and without waiving the foregoing objections, Microsoft states that it will produce responsive non-privileged, non-protected documents, if any, located after conducting a reasonable search.

(*Id.*) In addition to the written response, on March 23, 2009, Microsoft began to roll out, over a period of eight days, 143,733 documents in response to Plaintiffs' February 13, 2009 request.

The Court faults Microsoft's discovery response, both in its written response, and with its

5

document production response.

First, Microsoft trivializes the Court's proceeding by using an obvious typographical error in Plaintiffs' Court document, 200<u>8</u> instead of 200<u>9</u>, as a basis for a specific objection to that request asserting that Plaintiffs' request was vague because of that obvious typographical error. There was only one deposition of Ms. Mason, a Microsoft employee, and that had just occurred the previous month– February 2009. Microsoft knew that; everyone knew that! Yet Microsoft improperly used that typographical error to raise a frivolous objection on the ground of vagueness. This misconduct will be the subject of a separate Court Order directing Microsoft to explain why its counsel should not be sanctioned under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings.

The Court finds fault with Microsoft's delay of over five weeks in producing the marketing documents requested by Plaintiff on February 13, 2009. Microsoft's delay resulted in what Plaintiffs term a "document dump" of 143,733 marketing documents five weeks later, in late March, less than two months before trial. The Court notes that, in addition, Microsoft provided the 144,000-plus documents without an index.

This was not a timely response to Plaintiffs' formal request. Certainly, document production should have begun earlier, and then continued per Rule 26(e). Further, an index should have been provided to Plaintiffs with this massive late production. The totality of Microsoft's misconduct relating to its discovery obligations, in responding to Plaintiffs' document request filed on February 13, 2009 requires a response by the Court.

Accordingly, the Court orders Defendant to provide Plaintiffs with an index of the marketing documents within one week.. Defendant is also barred from introducing the marketing documents

against Plaintiffs, and contesting the admissibility of the marketing documents at trial. If Plaintiffs use the marketing documents in their case-in-chief, Defendant may use related documents in response.

**SO ORDERED**.

                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: May 21, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 21, 2009.

                                                S/Denise Goodine
                                                Case Manager