**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HOCHSTEIN, et al.,

                Plaintiffs,                Case Number: 04-73071

v.                                        JUDGE PAUL D. BORMAN
                                                 UNITED STATES DISTRICT COURT

MICROSOFT CORPORATION,

                Defendant.
_____ /

**OPINIONS AND ORDERS ON THE PARTIES' MOTIONS IN LIMINE**

Before the Court are the parties' motions in limine. The Court heard argument on June 23, 2009. For the reasons stated on the record and in the opinion below, the following rulings apply.

**A. Plaintiffs' Motions In Limine**

**1. Plaintiffs' Motion In Limine to Exclude Testimony from Defense Expert Dr. Macedonia Contrary to the Court's Claim Constructions**

Plaintiffs move to exclude testimony from Microsoft's expert, Dr. Macedonia, that is contrary to the Court's claim constructions. According to Plaintiffs, Dr. Macedonia, in his most recent expert report and pre-trial deposition, relied on claim constructions rejected by Special Master Grauer and the Court. Plaintiffs seek, in order to prevent jury confusion, to exclude evidence, argument, and/or testimony from Dr. Macedonia in which he relies on Microsoft's definition of the terms, rather than the Special Master's constructions.

Microsoft disagrees with Plaintiffs' assertion that Dr. Macedonia's testimony conflicts with Special Master Grauer's claim constructions.

1

With respect to Plaintiffs' specific objections to Dr. Macedonia's testimony, as stated on the record, the Court will exclude, as conflicting with its claim construction, the following paragraphs of Dr. Macedonia's initial report: 29-32, 33-36, 48, 50-52, 54, 59-63, and 71-72. The Court will also exclude paragraphs 1-4 of Dr. Macedonia's supplemental report. (Tr. 47, 56).

Turning to Plaintiffs' objections to paragraphs 73-95 of Dr. Macedonia's report, it appears that Plaintiffs' mistakenly included paragraph 73 in their exclusion list, as paragraph 73 does not contain testimony regarding "filtering voice signals from communication signals." (Pls.' Mot. Ex. 1, Dr. Macedonia's Report, p. 29). The Court will not, therefore, exclude paragraph 73.

With respect to paragraphs 74-84, Dr. Macedonia gives various opinions using the Court's construction of "filtering" and applying the construction to the facts of the case. Dr. Macedonia's opinions are not contrary to the claim constructions adopted by the Court. Accordingly, the Court will not exclude paragraphs 74-84.

As to paragraphs 85-91, Microsoft concedes that Dr. Macedonia's testimony in paragraphs 85-91 conflicts with the Court's adopted claim construction and Dr. Macedonia will not offer the opinions contained in those paragraphs at trial. (Microsoft's Supplement Br. Re. ¶¶ 73-91, 2).

Paragraphs 92-95 pertain to "communication couplers." Special Master Grauer construed communication couplers as follows: "Any components capable of transferring electrical communication energy from one circuit segment to another, while providing protection against transference of power surges." (Special Master's Report and Recommendation on Construction of Patent Claim 39, p. 30, May 16, 2009). In paragraph 92, Dr. Macedonia opines, based on Microsoft's proposed construction of "communication couplers," that the Xbox and Xbox360 data circuits do not "physically connect to the medium of communication." (Pls.' Mot. Ex. 1, Dr.

Macedonia's Report, p. 37). Special Master Grauer rejected Microsoft's proposed construction of "communication couplers." (Special Master's Report and Recommendation on Construction of Patent Claim 39, p. 29, May 16, 2009). Special Master Grauer's construction of the claim, as recited above, does not include the requirement that the data circuits be physically connected to the communication medium. Therefore, to the extent that Dr. Macedonia's testimony in paragraphs 92-95 conflicts with Special Master Grauer's claim construction of "communication couplers," his testimony is excluded.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion to exclude portions of Dr. Macedonia's report.

### 2. Plaintiffs' Motion In Limine Regarding Microsoft's Patents

Plaintiffs move to exclude, as irrelevant and to prevent jury confusion, evidence about Microsoft patents relating to the Xbox and Xbox360. Plaintiffs argue that later-issued patents do not avoid infringement. Plaintiffs further argue that the jurors may wrongly conclude that Microsoft cannot infringe Plaintiffs' patent if Microsoft has its own patents for the accused products.

Microsoft argues that its Xbox patents are relevant to: 1) rebut Plaintiffs' argument that the '125 patent drove the commercial success of the Xbox; and 2) to rebut Plaintiffs' argument that Microsoft infringes the '125 patent under the doctrine of equivalents.

The Court will exclude evidence of Microsoft patents to rebut Plaintiffs' expected argument that the '125 patent drove the commercial success of the Xbox. Microsoft may argue that its own "later and greater" specific features drove the commercial success of the Xbox, but Microsoft cannot use the terms "patents" or "patented" in discussing the features. Use of the term "patent," in this context, is irrelevant, prejudicial, and will cause jury confusion.

Whether Microsoft should be able to use its subsequent patents to rebut Plaintiffs' use of the doctrine of equivalents argument is a closer question. The Federal Circuit has condoned the use of evidence of subsequent patents as relevant and admissible to rebut an equivalence argument. In *Hoganas AB v. Dresser Industries, Inc*., 9 F.3d 948, 954 (Fed. Cir. 1993), the Federal Circuit decided that the issuance of a second patent was relevant because the PTO considered the accused product to be nonobvious. In *Zygo Corp. v. WYKO Corp*., 79 F.3d 1563, 1570 (Fed. Cir. 1996), the PTO cited and considered the first patent as prior art and, thus, "the nonobviousness of the accused device, evidence by the grant of a United States patent, is relevant to the issue of whether the change therein is substantial." In *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1192-93 (Fed. Cir. 1996), the Federal Circuit again held that evidence of separate patentability is relevant and "entitled to due weight," when the PTO considered the first patent as prior art. The Court explained that although the issuance of a patent does not raise a presumption of non-infringement or negate infringement, because the subsequent patent may be an improvement, the issuance of a later patent may be relevant to the equivalence issue. *Id.*

Here Microsoft argues that consideration by the PTO is not necessary because "the PTO may not have listed the patent-in-suit as prior art because it was considered cumulative of prior art already being considered." Microsoft cites *Engineered Products Co. v. Donaldson Co., Inc*., 313 F. Supp. 2d 951, 1002 (N.D. Iowa 2004), in support of its argument. This Court disagrees with *Engineered Products*. This Court concludes that as a prerequisite to Microsoft introducing any evidence of subsequent patents in response to Plaintiffs' use of the doctrine of equivalents, it must first introduce evidence that it mentioned Plaintiffs' patent-in-suit, the '125 patent, in its submission or response to the PTO re the subsequent patent. If Microsoft cannot meet this prerequisite, then

4

it may not introduce evidence of its subsequent patents.

Therefore, the Court **GRANTS** Plaintiffs' motion to exclude Microsoft's separate patentability evidence, with the limited exception noted regarding response to Plaintiffs' use of the doctrine of equivalents.

### 3. Plaintiffs' Motion In Limine to Exclude Testimony, Argument and Evidence Regarding the OKI Book, "VTALK"/ "NETFONE" Software, and Sparcstation Game Software Because Microsoft Cannot Prove They Are Prior Art

Plaintiffs move to exclude the OKI data book, vTalk, NetFone, and the SPARCStation games because Microsoft has not explicitly identified them as prior art and cannot prove that these items are prior art. Microsoft, in response, has indicated that it will not offer evidence regarding VTALK/NETFONE and Sparcstation. This leaves the OKI data book at issue.

With respect to the OKI data book, Plaintiffs argue that although Defendant Microsoft's expert Dr. Macedonia stated that the book has a publication date of 1989, neither he nor Microsoft has offered evidence that the book was printed, and published in 1989, or publicly used in the U.S., as required by 35 U.S.C. § 102, which states:

A person shall be entitled to a patent unless–

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States[.]

Microsoft argues that the OKI data book is admissible because: 1) whether the OKI data book is prior art is a question for the jury; 2) Plaintiffs had access to the OKI data book and relied on it as early as 1990; 3) Plaintiffs' expert Dr. Matheson relied on the OKI data book in his reports; and 4) the OKI data book is dated more than two years before the critical date of the patent in suit.

Plaintiffs frame the issue as whether, at this point of the proceedings, Defendant Microsoft, has established by clear and convincing evidence that the OKI data book is prior art that is admissible under 35 U.S.C. § 102. The Court concludes that the issue is not that simple.

The Federal Circuit has held that whether a document is a "printed publication" is "a legal determination based on underlying fact issues." *Northern Telecom v. Datapoint*, 908 F.2d 931, 936 (Fed. Cir. 1990), quoting in part, *In re Hall*, 781 F.3d 897, 899 (Fed. Cir. 1986). *Northern Telecom* discusses the requirements of 35 U.S.C. § 102, as to printed publications. *Northern Telecom* is cited with approval in *Cooper Cameron Corp. v. Kvaerner Oilfield Prod. Inc.,* 291 F.3d 1317, 1321 (Fed. Cir. 2002).

A key issue for the Court to determine is whether the document in question was introduced into the public domain of disclosed materials so as to constitute a printed publication under 35 U.S.C. § 102(b).

The Federal Circuit noted in *In re Klopfenstein*, 380 F.3d 1345, 1347 (Fed. Cir. 2004) that "where no facts are in dispute, the question of whether a reference represents a printed publication is a question of law." That decision further noted that, under 102(b), the key inquiry is whether or not the document has been made "publicly accessible"; this determination "involves a case-by-case inquiry into the facts and circumstances surrounding the reference's disclosure to members of the public." *Id.* at 1350.

A defendant challenging the validity of a patent, has the burden of persuasion by clear and convincing evidence on all issues relating to the status of the publication as prior art. *Mahurkar v. Bard*, 79 F.3d 1572, 1576 (Fed. Cir. 1996).

The recent Federal Circuit decision, *In re Omeprazole Patent Litigation*, 536 F.3d 1361,

6

1381 (Fed. Cir. 2008), in discussing prior art references and referring to *In re Hall, supra*, required evidence regarding the company that produced the brochures at issue, that the brochures "were accessible to members of the public interested in the prior art." The Federal Circuit ruled that evidence that one individual received a single brochure did not make up for the lack of evidence regarding the companies' distribution practices. This, of course, applies to Defendant's burden in the instant case.

Plaintiffs have brought this motion in limine to prevent Defendant from introducing evidence of the OKI data book at trial in Defendant's defense of prior art.

Defendant contends: 1) that Plaintiffs' motion in limine is really a tardy motion for partial summary judgment; 2) that Defendant has produced sufficient evidence for this issue to be determined by the jury; and 3) that Plaintiffs' conduct in discovery with regard to the OKI data book supports the Court's imposition of sanctions against Plaintiffs that would prevent them from challenging the OKI data book's introduction into evidence by Defendant as prior art.

As to argument three (3), the Court declines to impose the requested sanction, concluding that Plaintiffs' discovery conduct is not sanctionable.

In response, to the other two arguments advanced by Defendant, the Court will deny the Plaintiffs' motion in limine, without prejudice to Plaintiffs' right to request at trial that the Court rule that Defendant has not met its burden of proving by clear and convincing evidence that the OKI data book qualifies as prior art, pursuant to Federal Rule of Civil Procedure 50.

Accordingly, the Court **DENIES,** without prejudice, Plaintiffs' pretrial motion in limine motion with respect to the OKI data book.

**4. Plaintiffs' Motion In Limine Regarding (1) the Admissibility of Evidence of the PTO's Notice of Intent to Issue Reexamination Certificate and Hochstein's Information**

7

**Disclosure Statement Submitted in Connection with Microsoft's First Request for Reexamination, and (2) the Exclusion of Evidence of Microsoft's Second Request for Reexamination**

As stated on the record, the Court **GRANTS** Plaintiffs' motion. (Tr. 136). Plaintiffs will be allowed to introduce evidence of the first patent reexamination *if* Microsoft presents evidence, testimony or argument regarding the specific combinations of prior art the patent examiner rejected in the first reexamination. The parties are otherwise precluded from introducing Plaintiffs' information disclosure statement submitted in connection with the first reexamination, and evidence of the second reexamination.

**5. Plaintiffs' Motion In Limine to Exclude Hochstein's '574 Patent**

For the reasons stated on the record, the Court **GRANTS** Plaintiffs' motion and excludes Hochstein's '574 patent. (Tr. 146).

**6. Plaintiffs' Motion In Limine Regarding Other Claims of the '125 Patent**

As discussed at the motion hearing, the parties agree the patent document is admissible but neither side will present evidence, testimony or argument regarding the claims that were either not asserted or were dismissed during the summary judgment phase. (Tr. 147-48). If the case proceeds to the damages phase, this issue may be raised again in a motion in limine.

Accordingly, Plaintiffs' motion is **MOOT**.

**7. Plaintiffs' Motion In Limine to Require Microsoft to Specifically Identify the Combination of Obviousness References It Will Present to the Jury**

Microsoft agrees to identify three or four combinations of obviousness references it plans to use at trial, and will inform Plaintiffs of its selections before trial. (Tr. 149).

Therefore, Plaintiffs' motion is **MOOT.**

**8. Plaintiffs' Motion In Limine to Preclude Microsoft from Asserting at Trial that It Respects Intellectual Property Rights**

This motion is **MOOT**. The parties agree that Microsoft will not assert that Microsoft respects intellectual property rights and Plaintiffs will not introduce evidence of cases where Microsoft has been found to have violated others' intellectual property rights. (Tr. 150-51).

**9. Plaintiffs' Motion In Limine to Exclude Evidence, Argument, and Testimony Regarding the Operability of Claim 39**

For the reasons stated on the record, Plaintiffs' motion is **DENIED**. (Tr. 155).

**10. Plaintiffs' Motion In Limine to Exclude Evidence, Argument, and Testimony Regarding Indefiniteness**

For the reasons stated on the record, the Court **DENIES** Plaintiffs' motion as premature. (Tr. 155-56).

**B. Defendant's Motions In Limine**

**1. Defendant's Motion In Limine to Preclude Plaintiffs from Accusing Xbox360 Consoles Using Wireless Controllers**

**2. Defendant's Motion In Limine to Exclude Any Argument, Testimony, and Other Evidence of the Doctrine of Equivalents**

In Defendant's Motions In Limine Nos. 1 and 2, Microsoft moves to preclude Plaintiffs from accusing Xbox 360 consoles with wireless controllers and prevent Plaintiffs from pursuing a doctrine of equivalents infringement theory at trial. The outcome of these two motions depends, at least in part, on the claim construction of "electrically connected," which is currently being analyzed by Special Master Grauer. Accordingly, the Court will hold in abeyance Defendant's Motion In Limine No. 1 and No.2 until this round of claim construction is completed.

**3. Defendant's Motion In Limine to Exclude Any Reference to Other Litigation in Which Microsoft is or has been a Defendant and Any Judgments that Have Been Entered Against Microsoft**

As discussed above, in Plaintiffs' Motion in Limine No. 8, the parties agree that Microsoft

9

will not assert that Microsoft respects intellectual property rights and Plaintiffs will not introduce evidence of cases where Microsoft has been found to have violated others' intellectual property rights. (Tr. 150-51).

Accordingly, this motion is **MOOT.**

### 4. Defendant's Motion In Limine to Exclude Reference to Responses of a Prospective Licensee Indicating that the Prospective Licensee Thought that the Patent was "Probably Strong"

The parties agree that this motion is premature. (Tr. 179). Accordingly, the Court **DENIES** Defendant's Motion In Limine No. 4 as premature.

### 5. Defendant's Motion In Limine to Preclude Plaintiffs from Referencing Any Sony Documents, Testimony, and Admissions in the Liability Phase of the Case

The parties agree that neither side will introduce Sony documents or reference Sony documents during the liability phase of the case. (Tr. 179). The parties may refer to Sony as a competitor in the marketplace. (*Id.*) Also, the parties agree that if one side wants to introduce a Sony document, the party will bring it to the Court's attention beforehand. (*Id.* at 180).

Therefore, this motion is **MOOT**.

### 6. Defendant's Motion In Limine to Exclude Any Discussion of Whether Microsoft Obtained or Relied on a Written Opinion of Counsel

The parties agree that this motion is premature, as any issue with respect to a written opinion of counsel will be raised during the damages phase of the trial. (Tr. 181).

Accordingly, the Court **DENIES** the motion as premature**.**

### 7. Defendant's Motion In Limine to Exclude Any Mention of Any Reexamination of the '125 Patent

As stated above, the Court will permit Plaintiffs to use evidence of the first reexamination on cross-examination, if Microsoft's expert testifies about the combinations of prior art the patent

examiner rejected in the first reexamination. The Court will exclude any mention of the second reexamination.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** the motion.

### 8. Defendant's Motion In Limine to Exclude Any Reference to Third Party Games for Which Discovery was not Sought

The parties agree that this motion is premature. (Tr. 183).

Therefore, the Court **DENIES** Defendant's Motion In Limine No. 8.

### 9. Defendant's Motion In Limine to Preclude Any Reference to the Reports and Recommendations of the Special Master Except Claim Constructions Incorporated into the Court's Jury Instructions

The parties agree to only reference the claim constructions contained in the Special Masters' Reports and Recommendations. (Tr. 184). Therefore, this motion is **MOOT**.

### 10. Defendant's Motion In Limine to Prohibit Dr. Matheson from Testifying that Any Prior Art Reference "Teaches Away" from the Patented Invention

The parties agree that a jury instruction defining "teaches away" would cure any problem with Dr. Matheson's testimony about whether certain references teach away from the patented invention. (Tr. 187).

Accordingly, this motion is **MOOT**.

### 11. Defendant's Motion In Limine to Preclude Evidence of Direct Infringement Evidence by Microsoft

The parties agree that this motion is **MOOT**. (Tr. 188).

### 12. Defendant's Motion In Limine to Preclude Any Evidence of Willful Infringement

The parties agree that this motion is premature. (Tr. 188). Therefore, the Court **STRIKES** the motion.

### 13. Defendant's Motion In Limine to Bar Dr. Matheson's Testimony Inconsistent with

**the Court's Claim Construction of Importing Limitations from the Specification into the Claim**

The parties agree that this motion is **MOOT**. (Tr. 188).

**14. Defendant's Motion In Limine to Exclude Any Testimony from Dr. Matheson that Opines on Marketing Topics**

For the reasons stated on the record, the motion is **DENIED**. (Tr. 196).

**15. Defendant's Motion In Limine to Limit Plaintiffs' Expert testimony to the Opinions Disclosed in Plaintiffs' Respective Expert Reports**

Microsoft move to prevent Plaintiffs' expert, Dr. Matheson, from disclosing opinions at trial that he did not disclose in his expert reports. Microsoft argues that during Dr. Matheson's pre-trial deposition, Plaintiffs' counsel elicited opinions from Dr. Matheson, which had never before been disclosed. Plaintiffs did not supplement Dr. Matheson's written report before the deposition, thereby allowing Defendant's expert to study the new opinions and Defendant to properly prepare to question Dr. Matheson. Accordingly, Microsoft argues that the Court should limit Dr. Matheson's testimony to the opinions he disclosed in his expert reports.

Plaintiffs respond that Microsoft is seeking to exclude two opinions from Dr. Matheson: 1) testimony relating to Dr. Matheson's doctrine of equivalents analysis regarding wireless controllers; and 2) testimony where Dr. Matheson applied Special Master Grauer's claim construction of "communication couplers" to the Xbox360. Plaintiffs contend that Dr. Matheson's testimony at his deposition did not change the substance of the opinions expressed in his report. Plaintiffs also argue, with respect to Dr. Matheson's testimony applying the claim construction, that Microsoft's counsel, Mr. Pritikin, improperly truncated Dr. Matheson's answer to a question Mr. Pritikin asked about the communication couplers in claim 39. Plaintiffs' counsel later questioned Dr. Matheson about the communication couplers and the new claim construction. Plaintiffs argue that Microsoft's own

12

expert disclosed a new non-infringement defense the night before the deposition, but did so in a supplemental expert report.

Pursuant to Fed. R. Civ. P. 26(e)(2), a party has the duty to supplement the information included in the expert's report and the information given during the expert's deposition. With respect to Microsoft's request to exclude Dr. Matheson's opinion regarding the doctrine of equivalents, the Court notes that Dr. Matheson's opinion about the doctrine of equivalents is raised in his March 27, 2009 supplemental report. (Pls.' Resp., Ex. C, Dr. Matheson's Supp. Report p. 28-29). Therefore there is no supplementation issue here.[1]

However, it is undisputed that Plaintiffs did not, prior to the deposition at issue, provide Microsoft with a written supplementation to Dr. Matheson's expert report, containing Dr. Matheson's new opinions in light of Special Master Grauer's recent claim construction. Dr. Matheson's most recent report does not (and could not) contain opinions based on the new claim construction. Instead, at Microsoft's pre-trial deposition of Dr. Matheson, Plaintiffs' attorney "cross-examined" Dr. Matheson about the new construction of the term "communication coupler," even though Microsoft's attorney did not ask Dr. Matheson to opine about the application of the "communication coupler" construction on direct. (Pls.' Resp., Ex. C, Dr. Matheson Dep. pp. 162-64, 282-87). Microsoft's counsel was, therefore, unprepared for the new opinions Dr. Matheson offered, which is fundamentally unfair. Accordingly, the Court finds that Plaintiffs did not properly supplement Dr. Matheson's expert report and will exclude Dr. Matheson's testimony regarding the

---

[1]Depending on this Court's ruling regarding Defendant's Motions In Limine Nos. 1 and 2, Plaintiffs may be precluded from presenting Dr. Matheson's opinions regarding the doctrine of equivalents. Those motions, however, are being held in abeyance. When the motions are resolved, the Court will revisit this issue. On the narrow issue of whether Dr. Matheson testified outside of his expert report, as to the doctrine of equivalents, this Court finds that he did not.

new construction of "communication coupler."

The Court, therefore, **GRANTS IN PART AND DENIES IN PART** Defendant's motion.

**16.  Defendant's Motion In Limine to Exclude the Testimony of any "Xbox Users" Listed on Plaintiffs' Witness List and Not Made Available for Deposition**

This motion is unopposed.  (Tr. 206).  Accordingly, the motion is **GRANTED**.

**17. Defendant's Motion In Limine to Preclude Any Reference to Plaintiffs' Motion for Sanctions**

This motion is unopposed.  (Tr. 206).  Therefore, the motion is **GRANTED**.

### III. CONCLUSION

For the reasons stated on the record and discussed above, the Court:

(1) GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion In Limine to Exclude Testimony from Dr. Macedonia Contrary to the Court's and Special Master's Claim Constructions (Doc. No. 380);

(2) GRANTS Plaintiffs' Motion In Limine Regarding Microsoft's Patents, subject to the limited exception noted on pp 4-5 (Doc. No. 381);

(3) DENIES WITHOUT PREJUDICE Plaintiffs' Motion In Limine to Exclude Testimony, Argument and Evidence Regarding the OKI Book (Doc. No. 382);

(4) GRANTS Plaintiffs' Motion In Limine Regarding (1) the Admissibility of the PTO's Notice of Intent to Issue Reexamination Certificate and Hochstein's Information Disclosure Statement Submitted in Connection with Microsoft's First Request for Reexamination, and (2) the Exclusion of Microsoft's Second Request for Reexamination (Doc. No. 383);

(5) GRANTS Plaintiffs' Motion In Limine Regarding Hochstein's '574 Patent (Doc. No. 384);

(6) DENIES AS MOOT Plaintiffs' Motion In Limine Regarding Other Claims of the '125 Patent (Doc. No. 385);

(7) DENIES AS MOOT Plaintiffs' Motion In Limine to Require Microsoft to Specifically Identify the Combination of Obviousness References It Will Present to the Jury (Doc. No. 386);

(8) DENIES AS MOOT Plaintiffs' Motion In Limine to Preclude Microsoft from Asserting

at Trial that It Respects Intellectual Property Rights (Doc. No. 387);

(9) DENIES Plaintiffs' Motion In Limine to Exclude Evidence, Argument and Testimony Regarding Operability of Claim 39 (Doc. No. 388);

(10) DENIES AS PREMATURE Plaintiffs' Motion In Limine to Exclude Evidence, Argument, and Testimony Regarding Indefiniteness (Doc. No. 389);

(11) HOLDS IN ABEYANCE Defendant's Motion In Limine to Preclude Plaintiffs' from Accusing Xbox 360 Consoles Using Wireless Controllers (Doc. No. 397);

(12) HOLDS IN ABEYANCE Defendant's Motion In Limine to Exclude Any Argument, Testimony, and Other Evidence of the Doctrine of Equivalents (Doc. No. 398);

(13) DENIES AS MOOT Defendant's Motion In Limine to Exclude Any Reference to Other Litigation in Which Microsoft is or has been a Defendant and Any Judgments That Have Been Entered Against Microsoft (Doc. No. 399);

(14) DENIES AS PREMATURE Defendants Motion In Limine to Exclude Reference to Responses of a Prospective Licensee Indicating that the Prospective Licensee Thought the Patent was "Probably Strong" (Doc. No. 400);

(15) DENIES AS MOOT  Defendant's Motion In Limine to Preclude Plaintiffs from Referencing Any Sony Documents, Testimony, and Admissions in the Liability Phase of the Case (Doc. No. 401);

(16) DENIES AS MOOT Defendant's Motion In Limine to Exclude Any Discussion of Whether Microsoft Obtained or Relied on a Written Opinion of Counsel (Doc. No. 402);

(17) GRANTS IN PART AND DENIES  IN PART Defendant's Motion In Limine to Exclude Any Mention of Any Reexamination of the '125 Patent (Doc. No. 403);

(18) DENIES AS PREMATURE Defendant's Motion In Limine to Exclude Any Reference to Third Party Games for Which Discovery was not Sought (Doc. No. 404);

(19) DENIES AS MOOT Defendant's Motion In Limine to Preclude Any Reference to the Reports and Recommendations of the Special Master Except Claim Constructions Incorporated into the Court's Jury Instructions (Doc. No. 405);

(20) DENIES AS MOOT Defendant's Motion In Limine to Prohibit Dr. Matheson from Testifying that Any Prior Art Reference "Teaches Away" from the Patented Invention (Doc. No. 406);

(21) DENIES AS MOOT Defendant's Motion In Limine to Preclude Evidence of Direct

15

Infringement by Microsoft (Doc. No. 407);

(22) DENIES AS PREMATURE Defendant's Motion In Limine to Preclude Any Evidence of Willful Infringement (Doc. No. 408);

(23) DENIES AS MOOT Defendant's Motion In Limine to Bar Dr. Matheson's Testimony Inconsistent with the Court's Claim Construction or Importing Limitations from the Specification into the Claim (Doc. No. 409);

(24) DENIES Defendant's Motion In Limine to Exclude Any Testimony from Dr. Matheson that Opines on Marketing Topics (Doc. No. 410);

(25) GRANTS IN PART AND DENIES IN PART Defendant's Motion In Limine to Limit Plaintiffs' Expert Testimony to the Opinions Disclosed in Plaintiffs' Respective Expert Reports (Doc. No. 411);

(26) GRANTS Defendant's Motion In Limine to Exclude the Testimony of any "Xbox Users" Listed on Plaintiffs' Witness List and Not Made Available for Deposition (Doc. No. 412);

(27) GRANTS Defendant's Motion In Limine to Preclude Any Reference to Plaintiffs' Motion for Sanctions (Doc. No. 413).

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 7, 2009.

S/Denise Goodine
Case Manager
