# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PETER HOCHSTEIN, et al.,

|  |  |
|---|---|
| Plaintiffs, | Case Number: 04-73071 |
| v. | JUDGE PAUL D. BORMAN |
|  | UNITED STATES DISTRICT COURT |
| MICROSOFT CORPORATION, | |
| Defendant. | |

_____ /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE NO. 1: PRECLUDING PLAINTIFFS' CLAIM AGAINST XBOX360 CONSOLES USING WIRELESS CONTROLLERS, AND NO. 2: EXCLUDING PLAINTIFFS' BELATED ATTEMPT TO INTRODUCE THE DOCTRINE OF EQUIVALENTS[1]

Before the Court are Defendant's Motion In Limine No. 1: To Preclude Plaintiffs From Accusing Xbox360 Consoles Using Wireless Controllers (Doc. No. 397); and Defendant's Motion In Limine No. 2: To Exclude Plaintiffs' Doctrine of Equivalents Theory (Doc. No. 398). Having read the submissions and heard oral argument, the Court **GRANTS** Defendant's Motions In Limine Nos. 1 and 2.

## I. ANALYSIS

### A. Defendant's Motion In Limine to Preclude Plaintiffs from Accusing Xbox 360 Consoles Using Wireless Controllers

Microsoft moves to preclude Plaintiffs from asserting that the Xbox 360 consoles

_____

[1]"Where there is no literal infringement, there can be infringement under the 'doctrine of equivalents' if the difference between the claims and the allegedly infringing device are 'insubstantial'." Federal Judicial Center, <u>Anatomy of a Patent Case</u> 7 (2009).

with wireless controllers infringe claim 39 literally and through the doctrine of equivalents. Microsoft argues that Plaintiffs did not assert this specific infringement claim until March 27, 2009, in an expert report, after the October 2008 close of fact discovery. Microsoft further argues that Plaintiffs did not identify the wireless controllers as an infringing structure in interrogatories asking Plaintiffs to identify "each structure, part or portion of the product that satisfies each limitation of the claim."

Plaintiffs respond that they asserted that all Xbox controllers literally infringe claim 39. Plaintiffs also respond, alternatively, that the wireless controllers also infringe under the doctrine of equivalents. Plaintiffs argue that neither party differentiated between wired and wireless controllers in the interrogatory answers, and Plaintiffs should not be precluded from accusing the wireless controllers when Microsoft has asserted non-infringement defenses based on the wired and wireless controllers without differentiating between the two in its interrogatory answers. Plaintiffs further argue that Microsoft knew that Plaintiffs' interrogatory answer was incomplete because Plaintiffs asserted in their supplemental answer to Microsoft interrogatory No. 1 that their answers were preliminary because discovery was ongoing and expert discovery had not yet been taken. Plaintiffs also note that both parties' experts provided analysis on infringement/non-infringement contentions with respect to the wireless controllers, after the close of fact discovery, and Plaintiffs' seek to exclude Microsoft from using non-infringement contentions based on the wireless controllers if they are precluded from accusing the wireless controllers.

The Court finds that Plaintiff did not provide a timely and specific accusation that the wireless controllers infringe the patent-in-suit.

Plaintiffs filed the initial lawsuit against the Defendant Microsoft's Xbox on August 11, 2004. Plaintiffs filed a second lawsuit relating to the same patent-in-suit against the Microsoft

2

Xbox360 on January 23, 2008, representing that its infringement contentions for the Xbox360 (some of which include wireless controllers) were the same as for the Xbox units (which have only wired controllers). *See also*, Plaintiffs' Supplemental Answers to Interrogatory No. 1, October 13, 2008, p. 5. The Court consolidated the two cases on August 6, 2008. Thereafter, the parties conducted discovery on the second lawsuit pertaining to the Xbox360 through October, 2008.

Microsoft's Interrogatory No. 1 states: "Identify each of Microsoft's 'game consoles, accessories, and game software' for which you contend its manufacture, use, offer for sale or sale constitutes infringement of any claim of the '125 patent . . . ." Significantly, part (c) of this contention interrogatory requested for each accused device identification of "each structure part, or portion of the product that satisfies each limitation of the claim (either literally and/or under the Doctrine of Equivalents) . . . ." Plaintiffs' supplemental answer to Microsoft Interrogatory No. 1, served on Defendant during the discovery period for the second complaint accusing the Xbox360, asserted that their original contentions against the Xbox applied to the Xbox360. (Kahn Decl. Ex. 2, Plaintiffs' Supplemental Answer to Microsoft's Interrogatory No. 1, p. 5). Plaintiffs listed the products and services pertaining specifically to the Xbox360. (*Id.*) Wireless controllers, available only on the Xbox360, are not listed. In fact, controllers are not referenced in the supplemental answer. Notably, Plaintiffs differentiated between the Xbox360 headsets, listing both wired and wireless. Also, Plaintiffs did not include a picture of the wireless controllers in the claim charts they attached to their interrogatory answer; wired controllers are pictured in the claim charts. In sum, Plaintiffs did not identify the wireless controllers as an accused product in their supplemental answer to Microsoft's Interrogatory No. 1.

Microsoft did not differentiate between wired and wireless controllers in its answers to Plaintiffs' interrogatories. Microsoft contends that this was not required because Plaintiffs did not

3

differentiate and specify that they were accusing both types of controllers. Microsoft argued at the June 23, 2009 hearing, "the infringement contentions frame the case." (6/23/09 Mot. Hrg. 162). Microsoft argued at the July 8, 2009 rehearing: "Our motion in limine addresses that specific point, number one, that the wireless controllers were not specifically accused in this case." (7/8/09 Mot. Hrg. 66). "But when they put forward their infringement proofs in response to our question what is it about the Xbox 360 that infringes, they pointed to the wired controllers and they didn't point to the wireless controllers. That is the way the record stood at the time discovery closed in October." (7/8/09 Mot. Hrg. 68). Microsoft need not distinguish between the two types of controllers, and assert non-infringement defenses related to the wireless controllers, if it was not apparent that Plaintiffs were accusing the wireless controllers. Thus, Plaintiffs' argument that Microsoft is also at fault for failing to distinguish between the controllers, fails.

Plaintiffs contend that they properly supplemented their interrogatory answer with their expert's report in March 2009 because they notified Microsoft in their supplemental answer to interrogatory No. 1 that their answers were preliminary, as discovery was ongoing and expert discovery had not yet occurred. This "boilerplate" response does not eviscerate the Court's discovery deadlines and create an open season for discovery.

In March 2009, months after discovery closed, Plaintiff's expert, Dr. Matheson, opined that the wireless controllers literally, or by the doctrine of equivalents, infringed the '125 patent. (Pls.' Resp. Mot. In Limine No. 1 Ex. C, Dr. Matheson's Supplemental Expert Report, pp. 28-29). This post-discovery-deadline expert testimony marked the first time that Plaintiffs specifically accused the wireless controllers of infringing their patent, and also marked the first time that Plaintiffs raised the doctrine of equivalents. Dr. Matheson's supplemental report was served on March 27, 2009. Dr. Macedonia, Microsoft's expert, responded to Plaintiffs infringement contentions vis a vis the

4

wireless controllers in his supplemental expert report, served on May 1, 2009.  (Pls.' Resp. Mot. In Limine No. 1 Ex. B, Dr. Macedonia's Supplemental Expert Report, pp. 14-16).

The Court concludes that a patent Plaintiff cannot create a new infringement theory in their expert report after the discovery deadline has passed; this must be done by a timely amended complaint or by a timely response or supplemental response to interrogatories during the period for discovery.

Fed. R. Civ. P. 37(c)(1), the rule under which Microsoft moves to exclude reference to the wireless controllers, provides that if a party fails to disclose or supplement an earlier discovery response, in this case an interrogatory answer, in a timely manner, the party cannot use the information at trial unless the failure was substantially justified or is harmless.  *See also Vance by & Through Hammons v. United States*, 182 F.3d 920 (table case) (6th Cir.1999) (unpublished) ("the new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."). The Court concludes that Plaintiffs' failure was not substantially justified and certainly was not harmless.

Dr. Matheson's March 27, 2009 expert report seeks to inject a newly accused product into this case: the wireless controllers.  As a result, the report changes the landscape of this case by adding additional claims and theories, which were not pled in the complaint, which were not contained in a proposed amended complaint, and which were not disclosed during discovery interrogatories or in supplemental interrogatory answers.

Plaintiffs' attempt at late supplementation, therefore, is not substantially justified by Plaintiffs' statement that its interrogatory answer concerning the accused products was preliminary and expert testimony was forthcoming.  Plaintiffs were aware, when they filed their January 2008

5

complaint, that the Xbox360 had wireless controllers. (7/8/09 Mot. Hrg. 57). A proper pre-filing investigation under Rule 11 would have given Plaintiffs a basis for contending that the wireless controllers were infringing. Yet, Plaintiffs did not notify Microsoft that they intended to accuse the wireless controllers until March 27, 2009, long after discovery was closed and just a few months before trial was scheduled to begin.

Moreover, Plaintiffs' untimely disclosure was not harmless. The United States Court of Appeals for the Sixth Circuit has defined "harmless" failure as "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (2003). Plaintiffs did not make an honest mistake by failing to accuse the wireless controllers, nor can it be said that Microsoft was on sufficient notice that Plaintiffs intended to accuse the wireless controllers. Plaintiffs had ample time to develop their legal theories and consult their expert during open discovery. Plaintiffs have offered no plausible reason why they could not have discovered that the wireless controllers potentially infringed their patent, and then ameded the pleadings to accuse the controllers, during the course of discovery. The Court does not accept Plaintiffs' argument that "the analysis of the facts and the patent and everything becomes an expert analysis when you're talking about patent infringement." (7/8/09 Mot. Hrg. 61). Just because expert reports were not due until after discovery closed, does not mean that discovery deadlines evaporate; Plaintiffs could have consulted with their expert prior to the close of discovery to insure that they had accused all possible infringing products.

In conclusion, the Court finds that Plaintiffs did not supplement their response to Defendant's interrogatory No. 1 in a timely manner, and Plaintiffs have not shown that their untimely supplementation was substantially justified or harmless. Plaintiffs are, therefore, precluded

from accusing the wireless controllers.  The Court **GRANTS** Defendant Microsoft's Motion in Limine No. 1.

### B. Defendant's Motion In Limine to Exclude Any Argument, Testimony, and Other Evidence of the Doctrine of Equivalents

Microsoft moves to preclude Plaintiffs from offering any argument, testimony, and other evidence of the doctrine of equivalents.  Microsoft asserts that such testimony should be excluded because Plaintiffs did not raise a doctrine of equivalents theory with respect to the wireless controllers for the Xbox 360 until well after the close of discovery, in Dr. Matheson's March 27, 2009 expert report.

Plaintiffs respond that they were not required to disclose a doctrine of equivalents theory because Microsoft did not ask for such an analysis in its interrogatories.  Plaintiffs also argue that the inclusion of the doctrine of equivalents theory in Dr. Matheson's March 27, 2009 expert report was proper because Plaintiffs notified Microsoft, in an interrogatory answer, that they would supplement Dr. Matheson's expert report when fact discovery was complete.  Plaintiffs further contend that Microsoft did not assert non-infringement based on a "wireless arrangement" in its answer to Plaintiffs' non-infringement interrogatory, and thus should be precluded from asserting such at trial, thereby relieving Plaintiffs of their need for the doctrine of equivalents.  In view of the Court's decision on Microsoft's Motion In Limine No. 1, discussed above, Plaintiffs' contention is moot because Plaintiffs are precluded from asserting infringement under any theory against wireless controllers.

It is undisputed that Plaintiffs did not plead a doctrine of equivalents theory in their complaint, did not amend their complaint to include a doctrine of equivalents theory, and did not

disclose a doctrine of equivalents theory in their answers to Microsoft's interrogatories.  (7/8/09 Mot. Hrg. 61,  80).

Microsoft's interrogatory No. 1, asked Plaintiffs to identify the "each structure, part or portion of the product that satisfies each limitation of the claim (*either literally and/or under the doctrine of equivalents*) including an explanation of how each individual structure, part or portion of the product satisfies the applicable limitation of the claim (i.e., provide a claim chart). . . ." (Kahn Decl. Ex. 2, Plaintiffs' Supplemental Answer to Microsoft's Interrogatory No. 1, p. 1) (emphasis added).  Microsoft also asked Plaintiffs to disclose their infringement contentions in interrogatory No. 20.  (Kahn Decl. Ex. 8, Plaintiffs' Answers to Microsoft's Fourth Set of Interrogatories (Nos. 20-21), p. 1).  Plaintiffs, who have the burden of proof on infringment, did not disclose a doctrine of equivalents theory in their answers to Microsoft's interrogatories.

Nonetheless, as argued above, Plaintiffs contend that Dr. Matheson's March 27, 2009 expert report, in which Dr. Matheson identifies the wireless controllers as an accused product and does a doctrine of equivalent analysis, is a proper supplement to Plaintiffs' previous interrogatory answers. This Court disagrees.

As analyzed above, Dr. Matheson's March 27, 2009 expert report is not a proper supplement because it injected an alternative infringement theory into the case months after discovery closed and mere months before trial was scheduled to begin.  Additionally, Plaintiffs' untimely supplement was not substantially justified or harmless.  Plaintiffs have not offered any reason why this theory could not have been disclosed during discovery.  Also, Plaintiffs' late disclosure is not harmless because Microsoft was not able to investigate Plaintiffs' doctrine of equivalents theory during the fact discovery period.  It is unjust, at this point, to allow Plaintiffs to revamp their infringement case.

Federal Rule of Civil Procedure 26(e), which deals with supplementing disclosures and responses, states, in general:

(1) A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

The Advisory Committee Notes discussing the 1993 Amendments state with respect to subdivision (e), that supplementations "should be made at appropriate intervals during the discovery period," that "the obligation to supplement responses to formal discovery requests applies to interrogatories . . . ."

The Notes further state:

The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.

In the instant case, Plaintiffs did not supplement their disclosures or responses in a timely manner. Indeed, Plaintiffs did not supplement their disclosures. This situation is not one where the supplementation or corrective information – here, the intent to utilize the doctrine of equivalents theory– is of such minor import like the examples set forth in the Advisory Committee Notes, to wit, when a new witness is identified at a deposition, or when an expert, during a deposition, corrects information contained in an earlier report. Plaintiffs attempt to belatedly interpose a new doctrine of equivalents theory is not a mere correction of information, but instead, creates a new ballgame.

9

Plaintiffs were required to formally supplement their interrogatory answers, or to seek to amend their complaint. Plaintiffs did neither. The Court finds that there is no excuse for this failure to follow the Rules, that the prejudice to Defendant at this late stage of a five year old case would be significant, and that the interests of justice support the Court's decision.

Accordingly, the Court **GRANTS** Microsoft's Motion In Limine No. 2, and thereby precluding Plaintiffs from pursuing a doctrine of equivalents theory at trial.

## II. CONCLUSION

For the reasons stated above, the Court:

(1) **GRANTS** Defendant Microsoft's Motion In Limine No. 1 To Preclude Plaintiffs From Accusing XBOX 360 Wireless Controllers (Doc. No. 397); and

(2) **GRANTS** Defendant Microsoft's Motion In Limine No. 2 to Exclude Plaintiffs from Introducing a Doctrine of Equivalents Theory (Doc. No. 398).

SO ORDERED.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 17, 2009.


S/Denise Goodine
Case Manager

10